June Term,
1862.

SEAMANS VS. CARTER and another.

SEAMANS
v.
CARTER et al.

Chapter 137, General Laws of 1858, (R. S., p. 798), which provides " that the owner of a homestead may remove therefrom or sell and convey the same, and such removal or sale and conveyance shall not render such homestead subject to forced sale on execution or other final process hereafter issued on any judgment," does not apply to executions issued upon judgments which had become liens *prior* to the passage of the law.

Statutes are not construed so as to operate *retrospectively*, unless the intention of the legislature that they should so operate is unmistakable.

That intention is not to be inferred from the mere fact that general language is used which might include past transactions as well as future.

APPEAL from the County Court for *Rock* County.

This was an action to restrain the defendants from selling certain land of the plaintiff upon execution. Judgment for the plaintiff. The question at issue is sufficiently stated by the court.

*Sloan, Patten & Bailey*, for appellants.

*Chas. G. Williams* and *H. K. Whiton*, for respondent.

October 11.    *By the Court*, PAINE, J. In *Hoyt vs. Howe*, 3 Wis., 765, this court held that under the homestead exemption law, as it then stood, a judgment against the owner became a lien on the homestead, which might be enforced by a sale whenever the property ceased to be a homestead. While that law was in force, a judgment was rendered against a party who afterward sold his homestead to the plaintiff in this suit. After such sale, the owner of the judgment was proceeding to sell on execution, and this suit was brought to restrain him. The question is, whether chap. 137, Gen. Laws of 1858, (R. S., p. 798), changed the law thus established in respect to judgments rendered before its passage.

The respondent's counsel assume it to be entirely clear that this act was intended to apply to judgments rendered before its passage, as well as to those rendered after. And their brief is devoted mainly to the proposition that it was competent for the legislature to pass a law with that effect. But we are satisfied that we cannot, consistently with the rules of construction, hold the act in question to have been intended to operate retrospectively. Statutes are never so

June Term,
1862.

SEAMANS
v.
CARTER et al.

construed unless the intention that they should so operate is unmistakable. Smith's Commentaries, p. 679; Sedgwick on Stat. & Con. Law, p. 188, *et seq.* That intention is not to be assumed from the mere fact that general language is used which might include past transactions as well as future. Statutes are frequently drawn in such a manner. Yet such general language is held to have been used in view of the established rule that statutes are construed as relating to future transactions and not to past. This was the case with the Statute of Frauds. As originally passed, it enacted that "no action should be brought on *any parol promise*" &c. This language was general, and by its terms included as well parol promises made before its passage as those that might be made afterwards. Yet the court held that only the latter were intended. Many other similar instances might be cited as illustrations of the general rule.

Yet all there is in the act under consideration indicating that the legislature intended to affect the operation of judgments previously rendered, is the mere use of general language that might include them. It provides that "the owner of a homestead under the laws of this state, may remove therefrom, or sell and convey the same, and such removal or sale and conveyance shall not render such homestead subject or liable to forced sale on execution or other final process hereafter issued on any judgment or decree of any court of this state, or of the district court of the United States for the state of Wisconsin, &c." Now it is true that the language "any judgment or decree," is unqualified, and might be extended to past judgments as well as future. But without something more pointed to indicate an intention that it should have that effect, it must be assumed that the legislature used it with the knowledge that it would be construed in accordance with the rule above stated, and held to relate only to judgments or decrees thereafter rendered. They undoubtedly intended to change the rule established in *Hoyt vs. Howe*, but to change it for the future only. The language used is appropriate to that end. And though general enough to bear a construction giving it a retrospective effect, yet the intention that it should have such effect is not sufficiently ap-

parent to take the case out of the general rule, that the object of a law is to prescribe a rule to govern future transactions, and not to divest rights acquired in the past.

It may be that this law is more in harmony with, and more fully carries out, the constitutional provision concerning homestead exemption, than the old law, construed as it was in *Hoyt vs. Howe*.   But this is not a sufficient reason to justify a change in the established rules of construction.

The judgment must be reversed, with costs.