BORRMAN VS. SCHOBER and another.

A judgment rendered in a justice's court is not a lien upon the real estate of the
judgment debtor until a transcript of it is filed in the circuit court of the proper
county. R. S., ch. 120, sec. 171.

Where a judgment was rendered by a justice of the peace in February, 1858, but no
transcript of it filed in the circuit court until March, 1860, chapter 137, laws of
1858 (which was first published in June, 1858) was applicable to determine its
effect. Such judgment, therefore, did not become a lien upon the homestead of
the debtor, owned and occupied by him as such when the judgment was render-
ed, and a sale and conveyance of the homestead by the debtor in May, 1860, did
not render it subject to sale upon execution under the judgment.

The right of a judgment creditor to perfect his lien upon the real estate of his debt-
or by filing a transcript of his judgment as provided by the statute, is not a
vested right of which he cannot be deprived by an amendment of the statute.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought to have a sheriff's certificate of the
sale of certain land on execution declared void, and to restrain
the defendant *Schober*, the purchaser at such sale, from dispos-
ing of said certificate or receiving a sheriff's deed for the land ;
and also to restrain the sheriff from issuing such deed.   The
facts found by the court are in substance as follows : One Potts
was from 1854 to May 4, 1860, sole owner in fee of a lot of
land in the city of Milwaukee of less than one quarter of an

acre in extent, which he occupied during that time as a homestead. On the day last mentioned, Potts sold and conveyed the property to one Jacobine Stoffel, who subsequently sold and conveyed a portion of it to the plaintiff. On the 23d of February, 1858, *Schober* recovered a money judgment against Potts before a justice of the peace in said county, a transcript of which judgment was filed in the office of the clerk of the circuit court for said county, March 2, 1860, and not before. Execution was issued upon the judgment in July, 1863, and levied upon the premises above described, and they were sold by the sheriff October 3, 1863, to the defendant *Schober*, and a certificate of the sale issued in due form.

Upon these facts the circuit court held that the plaintiff was not entitled to the relief sought, and rendered judgment dismissing the complaint; from which the plaintiff appealed.

*Stark & McMullen*, for appellant.

*James Mitchell*, for respondents, contended that *Schober*, on obtaining judgment against Potts, acquired a vested right to perfect his lien upon the real property of his judgment debtor by filing a transcript of the judgment, and that a subsequent act of the legislature could not divest that right, citing *Osborne v. Huger*, 1 Bay, 179; *Calder v. Bull*, 3 Dallas, 386; *Ogden v. Blackledge*, 2 Cranch, 272; *Dash v. Van Kleeck*, 7 Johns., 477; *Holden v. James*, 11 Mass., 396; *Duffield v. Smith*, 3 Serg. & R., 590, 598; *Bedford v. Shilling*, 4 id., 401; *Oatman v. Bond*, 15 Wis., 20; Constitution of Wis., Art. I, sec. 12; Constitution of U. S., Art. I, sec. 10. 2. It does not appear that the homestead was selected by Potts, or that any claim was made by him or his grantee, or those claiming under him, that the premises in question had been the homestead of Potts, until after levy and sale, and by the commencement of this suit. R. S., ch. 134, sec. 25. Where the statute requires a certain course to be pursued by the party claiming exemption, the requirement must be complied with before levy, or at least before sale. *Manning v. Dove*, 10 Rich. (Law), 395; *Frierson v. Wesberry*, 11 id., 353;

*Slanker v. Beardsley,* 9 Ohio St., 589.; *Helfenstein v. Cave,* 3 Iowa, 292; *People v. Plumsted,* 2 Mich. (Gibbs), 469; *Frost v. Shaw,* 3 Ohio St., 270; *Clark v. Potter,* 13 Gray, 21; *Lawton v. Bruce,* 39 Me., 484; *Pinkerton v. Tumlin,* 22 Geo., 165; *Herschfeldt v. George,* 6 Mich., 456; 7 id., 510; *Line's Appeal,* 2 Grant's Cases, 197; *Beecher v. Baldy,* 7 Mich., 503–5. The complaint does not show that the respondent set up a claim to the land,. and is therefore not sufficient in law. *Gamble v. Loop,* 14 Wis., 466. 3. The sale is not a cloud upon the title. On the theory of the plaintiff's counsel the sale was a nullity. *Ward v. Dewey,* 16 N. Y., 519; *Cox v. Clift,* 2 id., 118; *Fleetwood v. City of N. Y.,* 2 Sandf., 475.

*By the Court,* COLE, J. We have no doubt whatever that the premises in controversy were exempt under chapter 137, Laws of 1858, from the lien of the judgment mentioned in this case. That judgment was recovered in February, 1858, before the justice, and a transcript of it filed or docketed in the circuit court in March, 1860. Now it requires no argument to show that the judgment did not become a lien upon real estate until the transcript was filed and the judgment docketed. For the statute is most distinct and explicit that such a judgment shall become a lien only from the filing of the transcript. Sec. 171, chap. 120. The act of 1858 took effect in June of that year. The obvious intent of that law is, to exempt the homestead from sale on execution in all cases where the lien had not attached prior to the passage of that law, and to enable the owner to remove from, sell and convey the same exempt from such liens. In *Seamans v. Carter,* 15 Wis., 548, we held that the act was not intended to operate retrospectively so as to destroy or affect any judgment which had already become a lien. With this construction of the law we are now entirely satisfied. But we are at the same time entirely clear that it was the intention of the legislature to exempt the homestead in all future cases

where, but for the passage of this law, the judgment would become a lien. This is in harmony with the spirit and object of all our legislation upon the subject of homestead exemption. Now, as the transcript of the justice's judgment in this case was not filed until nearly two years after the law of 1858 took effect, it never became a lien upon the homestead. Within the purview of the law it was a future transaction, and stands precisely on the same ground as a judgment rendered in a court of record the very day the transcript was filed.

A question is made as to the power of the legislature, after the rendition of the judgment by the justice, to divest the judgment creditor of his right, by filing a transcript, to perfect his lien. This point seems to us too plain for argument. Cannot the legislature at any time repeal the provision which enables a party to file a transcript of a justice's judgment so as to make it a lien on real estate, and thus take away the right to perfect the lien in every case where a transcript has not been actually filed? Most undoubtedly it can. If a party has a vested right, inchoate or perfect, to perfect his lien by filing a transcript of a justice's judgment, has he not likewise a vested right in the law which enables him to sue his debtor before a justice on a contract, where the amount claimed is an hundred dollars? We think there is no distinction in principle in the two cases. If the legislature can change, alter, modify, or repeal the law in one case, it can in the other. But we suppose it is incorrect to talk about a creditor having a vested right to perfect his lien by filing a transcript of a justice's judgment. The creditor has no such vested right.

The judgment of the circuit court must be reversed, and the cause remanded with directions to grant the relief prayed for in the complaint.