Boorman vs. Juneau County and another.

BOORMAN, Respondent, vs. JUNEAU COUNTY and another, Appellants.

*April 8 — April 29, 1890.*

*Taxation: Unequal assessments: Mistake of fact: Valuation without actual view: Objection before board of review: Condition precedent to action: Pleading: Repeal of statute.*

1. Lands from which the timber had been cut shortly before the assessment were assessed for taxation upon the supposition that the timber remained thereon. *Held,* that such mistake did not necessarily vitiate the tax.
2. The mere fact that the assessor did not value the lands from actual view did not invalidate the assessment.
3. Under ch. 283, Laws of 1887, the complaint, in an action to set aside taxes on the ground of inequality in the assessment, must allege that the objection was first made before the board of review as provided in said act.
4. Where the right of action had been lost by failure to make such objection, as provided in the act of 1887, the subsequent repeal of said act did not restore such right.

APPEAL from the Circuit Court for *Juneau* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced in April, 1889, to restrain the defendant county and its treasurer from the sale of the plaintiff's lands described for the nonpayment of taxes assessed thereon in the year 1888, and to have the same declared illegal and void, and to remove the same as a cloud on the title. The cause of action alleged is, in effect, that the assessor, for the purpose of throwing an undue amount of the taxes upon the plaintiff and other nonresident owners of unimproved land, made an unfair and fraudulent assessment in that year; that, while the plaintiff's lands were not valued above their actual worth, they were assessed relatively four or five times higher than the improved land of resident owners of said town; that

such discrimination was not made through any mistake or error of judgment of said assessor, but was done purposely, corruptly, and fraudulently; that the board of review, and each and all of its members, knew that the lands in said town were assessed at far less than their value, and were unequally and unfairly assessed as stated, but that such board made no correction in the plan of assessment, but approved the same as made by the assessor; that, in consequence of such fraudulent and unjust assessment, the plaintiff was and is wholly unable to ascertain what would be the amount of her taxes upon a fair assessment.

The answer consists of certain admissions, and alleges, in effect, that until a short time prior to May 1, 1888, said lands were covered with valuable timber, which made such lands equal in value to any lands in said town; that the removal of said timber reduced the value of said lands, but that neither the fact of the removal of said timber, nor the effect of such removal upon the value of said lands, were known either to the assessor or the other members of said board of review in the year 1888; that the plaintiff's said lands, as well as the other lands mentioned in her complaint, were assessed in 1888 at the same valuation at which they had been in the year 1887 and other years prior thereto; that said board of review was not requested in the year 1888 to reduce the assessed valuation of said lands, nor was the attention of said board or any of its members in any way called to said lands or any of them, nor to the value thereof, nor did the members of said board or any of them know that such timber had been removed from said lands, or that said lands were assessed at a higher proportionate valuation than the other lands in said town; that the assessor of said town did his duty as such assessor honestly and impartially, and intended to assess all the property liable to assessment in said town at the same proportionate value. The answer expressly denies that the as-

sessor made a fraudulent assessment, or that he intended to assess the plaintiff's said lands at a higher proportionate value than the other property liable to assessment in said town, and further denies each and every allegation, statement, matter, and thing in said complaint contained, not therein admitted or otherwise denied, qualified, or explained.

To that answer the plaintiff demurred on the ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a defense to said action. From the order sustaining such demurrer the defendants appeal.

*F. S. Veeder,* for the appellants.

For the respondent ther was a brief by *Winsor & Winsor,* and oral argument by *F. Winsor.*

CASSODAY, J. The lands in question had been chiefly valuable for the timber standing upon them. Prior to 1888 they had been assessed as such timbered lands. Just before the time for the assessment for that year the timber had been removed from the lands. This is alleged to have been unknown at the time to the assessor, and hence that his assessment thereof was at the same valuation as in previous years. The statute required the assessment to be made by the assessor either from actual view or from the best information that he could practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. Sec. 1052, R. S. In determining such ʻvalue, he was required to consider, as to each piece, its advantage or disad-vantage of location, quality of soil, quantity of standing timber, water privileges, mines, minerals, quarries, or other valuable deposits known to be available therein, and their value. *Ibid.* We cannot hold that the mere failure of the assessor to value the lands from actual view invalidated the assessment. He may have been well acquainted with the lands, and assessed them in previous years from such

actual view. The mistake was in assuming that the timber still remained upon the lands when they were assessed in 1888. It is well settled that discriminations in the valuation and assessment of property arising from mistake of fact or errors in computation or judgment on the part of the assessor, do not necessarily vitiate a tax, but that an intentional disregard of law in such discrimination does. *Brauns v. Green Bay*, 55 Wis. 115; *Webster-Glover L. & M. Co. v. St. Croix Co.* 63 Wis. 647.

It may be that a valuation from actual view is always possible, but it is not always practicable. Prior knowledge or information may, under certain circumstances, honestly be regarded as reliable, and hence justify an assessment. Perfect accuracy in such valuations and assessments never has been, and probably never will be, attained. Mistakes in matters of fact, and errors in matters of computation and judgment, have frequently been made in the past, and probably will be in the future. To correct such errors, the board of review is required to meet annually on the last Monday of June in each town, city, and village, at the places designated, and adjourn from day to day until its business is completed, and to hear and examine any person or persons, upon oath, appearing before them, and to take evidence in relation to the assessment of any property upon the roll, or in relation to any property omitted therein; and, if it appear that any property has been valued too high or too low, to increase or lessen the same to the true valuation thereof. Secs. 1060, 1061, R. S.

Ch. 283, Laws of 1887, provided that "no person or corporation shall be heard, in any action, suit, or proceeding, to question the *equality* of any assessment, unless they shall have first made such objection before the said board of review, and made offer to sustain the same by competent proof; in which case it shall be the duty of the said board to inquire into the fact of such *equality*." No such objec-

tion or offer is here alleged or pretended to have been made before such board of review. By the terms of the act such objection and offer were conditions precedent to the hearing of the plaintiff to question the "equality" of such assessment. Being conditions precedent, it became necessary for the plaintiff to allege them in her complaint. *Bratton v. Johnson, ante,* p. 430. This is the well-established rule in cases of such conditions precedent. *Watson v. Appleton,* 62 Wis. 267; *Thompson v. Milwaukee,* 69 Wis. 492.

Since the demurrer to the answer reaches back to the complaint, it is obvious that the facts alleged in the answer are sufficient to constitute a good defense, unless such defect in the complaint is obviated by the repeal of the act of 1887 by ch. 138, Laws of 1889. The right to make such objection and offer before the board of review having fully expired more than eight months prior to the passage of the repealing act, it is very manifest that the plaintiff was, at that time, barred by the act of 1887 from being heard upon the question of such inequality "in any action, suit, or proceeding." Having thus lost her right of action by failing to make such objection and offer within the time prescribed by that act, the question recurs whether such right of action, so lost, was restored by such repealing act. That act does not purport to be retroactive. On the contrary, it expressly declares that it "shall take effect and be in force *from and after* its passage and publication." An act of the legislature is not to be construed as operating retrospectively, unless the intention that it should so operate is unmistakable. *Seamans v. Carter,* 15 Wis. 548, 82 Am. Dec. 696; *Vanderpool v. La C. & M. R. Co.* 44 Wis. 663. While the repeal of an act, without a saving clause, may defeat pending actions based thereon, yet we would be slow to conclude that the mere repeal of a statutory bar or condition precedent would restore a right of action which had previously been lost. The act of 1887 was salutary in its purpose,

and designed to obviate litigation respecting mistakes and errors in assessments. The case is obviously the same in principle as *Bratton v. Johnson, ante,* p. 430. We must therefore hold that the complaint fails to state a cause of action, and hence the answer states a good defense.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to overrule the demurrer to the answer, and for further proceedings according to law.