The CHARLES BAUMBACH COMPANY, Respondent, vs. SINGER, Garnishee, Appellant.

*October 20 — November 7, 1893.*

*Voluntary assignment: Failure to approve bond of assignee: Judgment: Retroactive statute.*

Prior to the enactment of ch. 276, Laws of 1893, if the court commissioner taking the bond of an assignee for the benefit of creditors failed to indorse on it his approval thereof, the assignment was void. And where an assignment had been adjudged void for that reason, such judgment was not affected by the subsequent passage of said act, although it provides that "all bonds heretofore taken and filed . . . by said court commissioner are hereby declared to be sufficiently approved and valid."

APPEAL from the Superior Court of *Milwaukee* County.

Garnishment. The facts are sufficiently stated in the opinion. The garnishee appeals from a judgment in favor of the plaintiff.

For the appellant there were briefs by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*.

For the respondent there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

WINSLOW, J.   The respondent is a judgment creditor of the firm of Schwartz & Co., and sued out garnishee process against *Singer*, who is the assignee of said firm under a

voluntary assignment. It appeared, without dispute, that the court commissioner who took the bond of the assignee failed to indorse thereon his approval thereof. Upon this ground, the trial court held the assignment void and the garnishee liable. This exact question was decided in *Shakman v. Schlueter*, 77 Wis. 402, and upon the reasoning and authority of that case it is apparent that the judgment of the trial court was right.

After the judgment in this case, ch. 276, Laws of 1893, was passed, which, referring to such bonds, attempts to provide that "all bonds *heretofore* taken and filed . . . by said court commissioner are hereby declared to be sufficiently approved and valid." This act cannot affect the judgment in this case. "Legislative action cannot be made to retroact on past controversies, and to reverse decisions which the courts, in the exercise of their undoubted authority, have made, for this would be the exercise of judicial power." Cooley, Const. Lim. (6th ed.), 112.

*By the Court.*— Judgment of the superior court affirmed.