Dane County vs. Reindahl and others.

DANE COUNTY, Appellant, vs. REINDAHL and others, Respondents.

*September 29 — October 20, 1899.*

*Statutes: Repeal by implication: Register of deeds: Salary.*

Prior to 1895 every register of deeds received fees as his sole compensation except where such fees amounted to less than $300. Ch. 169, Laws of 1895, made the office a salaried one in counties having a population of 150,000; and ch. 165, Laws of 1897, authorized the county board of any county not containing a city having more than 20,000 inhabitants to make the office a salaried one. The revision of 1898 provides (sec. 764) that "*every* register of deeds" shall receive certain fees, etc., except (sec. 764a) that in counties having a population of 150,000 he shall receive a salary in lieu of fees — these provisions being substantially the same as those in force prior to. the enactment of ch. 165, Laws of 1897. No other provisions in respect to the register's compensation are contained in the revision of 1898. The act of 1897 is not included therein, nor is it among the laws specifically repealed (sec. 4978), although the act of 1895 is among the latter. Sec. 4978 repeals, however, in addition to the acts enumerated therein, "all other acts and parts of acts, the subjects whereof are revised and re-enacted in these statutes, or which are repugnant to the provisions herein contained." It appears from the legislative journals that the joint committee on revision recommended that ch. 165 be omitted on the ground that it was unconstitutional. *Held,* that the whole subject of the compensation of registers of deeds was revised and covered by the revision of 1898, and that ch. 165, Laws of 1897, was repealed thereby.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an action upon the official bond of the defendant *Reindahl* as register of deeds of Dane county. The complaint charges that *Reindahl* was elected register of deeds. of the said county, November 8, 1898; that on November 18,. 1897, the county board of supervisors of Dane county, in. pursuance of ch. 165, Laws of 1897, duly adopted a resolution making the office of register of deeds of Dane county

a salaried office, and prescribing the salary thereof; that on December 17, 1898, the defendant *Reindahl* as principal, and the other defendants as sureties, executed and delivered to the plaintiff their bond in the sum of $5,000, conditioned for the faithful performance of the duties of register of deeds, and, further, that the register "should faithfully and regularly collect all fees, as provided by the laws of the state of Wisconsin, and pay over to the said county of *Dane* all such sums of money collected as fees, as required by chapter 165 of the laws of 1897." The complaint further alleges the approval of said bond, and that between January 2 and March 31, 1899, *Reindahl*, as register, received, as fees from said office, $966.85, which he refused to account for or pay over to the county, and judgment is demanded against him and his sureties for said sum with interest and costs. A general demurrer to said complaint was sustained, and judgment entered dismissing the complaint, and from such judgment the plaintiff appeals.

For the appellant there was a brief by *M. S. Dudgeon*, attorney, and *Olin & Butler*, of counsel, and oral argument by *H. L. Butler*. To the point that where a statute, even though it be a revision of former acts, contains a clause repealing certain acts, the presumption is conclusive that it was the legislative intention to keep all other acts in life, they cited *Lewis v. Stout*, 22 Wis. 234; *Simmons v. Bradley*, 27 Wis. 689; *Smith v. Eau Claire*, 78 Wis. 457; *Bentley v. Adams*, 92 Wis. 386; *Bird v. Sellers*, 122 Mo. 23; *Carpenter v. Jones*, 121 Cal. 362; *Ruge v. Gallagher*, 22 Misc. (N. Y.), 572; *Gaston v. Merriam*, 33 Minn. 271; *State v. Young*, 30 S. C. 399; *State v. Pollard*, 6 R. I. 290.

For the respondents there was a brief by *Erdall & Swansen*, and oral argument by *J. L. Erdall*. They argued, among other things, that in 1898 a complete revision was made of the laws in force in this state pertaining to the compensation of register of deeds, etc., and the fees collected by them,

and consequently the prior laws relating to the same subject were repealed. *State v. Campbell*, 44 Wis. 529; *Burlander v. M. & St. P. R. Co.* 26 Wis. 76; *Moore v. S. & St. C. R. Co.* 34 Wis. 173; *Oleson v. G. B. & L. P. R. Co.* 36 Wis. 383; *Curry v. C. & N. W. R. Co.* 43 Wis. 665; *Schneider v. Staples*, 66 Wis. 167; *State ex rel. Ennis v. Janesville*, 90 Wis. 157.

WINSLOW, J.   The argument in support of the demurrer is based upon two grounds, namely: first, that ch. 165, Laws of 1897, was repealed by the Statutes of 1898; and, second, that, if not repealed, said chapter is unconstitutional, because it violates sec. 23 of art. IV of the constitution, providing for uniformity of town and county government.

1. Prior to 1895, every register of deeds received fees as his sole compensation, except that where such fees amounted to less than $300 per annum the county board might pay a salary not exceeding $200.   S. & B. Ann. Stats. sec. 764. By ch. 169, Laws of 1895, it was provided that in all counties containing a population of 150,000 people the register of deeds should receive a specified salary, and pay all fees into the county treasury, and give a bond in the sum of $25,000 to secure such payment, in addition to the usual register's bond.   By ch. 165, Laws of 1897, the county board of any county not containing a city having a population of more than 20,000 people was authorized to make the office a salaried office, and in such case all fees were required to be paid into the county treasury, and the register was required to give such additional bonds as the county board should determine.

This was the situation of the laws on the subject, September 1, 1898, when the revision of 1898 went into effect. Stats. 1898, sec. 4978.

By sec. 764 of this revision it is provided that "*every* register of deeds" shall receive certain fees therein fixed, with the additional provision that when all fees of any register

Dane County vs. Reindahl and others.

amount to less than $300 per annum the county board may pay a salary not exceeding $200 a year. Sec. 764a provides that sec. 764 shall not apply to counties shown by the last census to have a population of 150,000 or more, but that in such counties the register shall receive a specified salary in lieu of fees, and shall quarterly pay over all fees received to the county treasurer. Sec. 755 provides for the giving of a bond by every register in the sum of $3,000 for the faithful performance of the duties of his office, and also provides that in counties with a population of 150,000 or more an additional bond in the sum of $25,000 shall be given, conditioned for the faithful paying over to the county treasurer of all fees received. There are no other provisions bearing on the subject of the compensation of registers of deeds contained in the revision of 1898, nor is ch. 165, Laws of 1897, named in sec. 4978 in the table of laws expressly repealed by the revision, although ch. 169, Laws of 1895, is named in that section as expressly repealed.

Ch. 165 not being expressly repealed by the revision of 1898, the question is whether it is impliedly repealed. This is a question of intention of the legislature, to be gathered from the laws passed. A repeal by implication is not favored, and, when two acts on the same subject may well subsist together, the prior law will be upheld. On the other hand, the rule is well settled that a statute which revises the whole subject matter of a former statute works a repeal of such former statute, without express words to that effect. *State v. Campbell,* 44 Wis. 529.

Starting with the fact that the Statutes of 1898 were intended to be a revision of the entire body of general laws of the state, we cannot escape the conclusion that the legislature intended to repeal ch. 165, Laws of 1897. The presumption is certainly strong that, while endeavoring to formulate a code covering the duties and compensation of all registers of deeds, they did not intend to leave a part

of the subject to be governed by an obscure session law. And this presumption is much strengthened by the fact that elaborate provision was made for the exception contained in ch. 169, Laws of 1895. If this exception, applying only to one county, seemed necessary to be incorporated in the law, why should not the exception contained in ch. 165, Laws of 1897, be also incorporated, if it was intended to be preserved?

Furthermore, it appears from the legislative journals that the joint committee on revision of the statutes, when they reported the revision bill, recommended that ch. 165, Laws of 1897, be omitted because it was in their judgment unconstitutional. This court may take notice of the journals of the legislature. *McDonald v. State*, 80 Wis. 407.

We see no reason to doubt that the whole subject of the compensation of registers of deeds was revised and covered by the revision of 1898. Just why ch. 165 was not included in the list of laws expressly repealed is not clear,— probably it was accidental. But sec. 4978, Stats. 1898, further provides that, in addition to the acts enumerated, "all other acts and parts of acts, the subjects whereof are revised and re-enacted in these statutes, or which are repugnant to the provisions herein contained," are also repealed. Ch. 165 is included in both of these classes. Its subject was not only revised and re-enacted in the sections before named, but its provisions are repugnant to those sections, because those sections, in terms, cover "every" register of deeds in the state, and fix his compensation.

This view renders it unnecessary, and even improper, to consider the question of the constitutionality of the law.

*By the Court.*— Judgment affirmed.