VERGES, Appellant, vs. MILWAUKEE COUNTY, Respondent.

*November 28, 1902—January 13, 1903.*

*Counties: Constitutional law: Statutes: Local bill: Title: Body of act: Uniformity: Fees: Register of deeds: Special laws.*

1. Ch. 169, Laws of 1895, provides that in counties having a population of 150,000 or upwards the register of deeds shall receive in lieu of fees a certain salary, and that the act shall go into effect fifteen months after its passage. The act is entitled "An act to make the register of deeds' office of Milwaukee county a salaried office." *Held:*

    (1) That the character of the act is to be determined by its provisions and not by its title, and that the body of said ch. 169 is general in its application.

    (2) That said ch. 169 does not conflict with sec. 18, art. IV, Const., providing that no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title.

    (3) That the general provisions are not rendered void by reason of their being contained in the same act with other provisions of merely local application, though the title of the act refers to the latter provisions only.

    (4) That the act applies to and embraces within its operation any and all counties answering the requirement when the act went into effect.

2. Sec. 18, art. IV, Const., provides that no private or local bill shall embrace more than one subject, which shall be expressed in the title. Ch. 169, Laws of 1895, entitled "An act to make the register of deeds' office of Milwaukee county a salaried office," provided, in the body, for salary in lieu of fees for the register

of deeds in any county of 150,000 population or over. *Held*, that the act is not repugnant to said constitutional provision, since it is not required that the title go further than to express the subject covered by the body of the law, and, the statement of the primary purpose being in general terms, reasonably includes all the means designated to facilitate the accomplishment thereof.

3. Prior to the time ch. 169, Laws of 1895, took effect, the register of deeds of Milwaukee county was compensated by fees and not by a salary, but that statute placed his office on a salary basis, and provided that the register should quarterly pay to the county treasurer all fees and emoluments of "every kind" received by him as register. Such provision was continued in the revision of 1898 which took effect September 1, 1898. *Held*, that such statutory provisions embraced fees for registering of births, marriages, and deaths.

4. Ch. 169, Laws of 1895, provided that the register of deeds in counties containing 150,000 population or upwards should be compensated by a salary, instead of fees, as had previously been the method of compensation, and required from the register a bond conditioned for the faithful accounting for and paying over all moneys which came to his hands as such officer. There was no change in the manner of the election of the register, the clerks in the office were his appointees, as had been the case before the enactment of said ch. 169, and the bond covered the fees that had formerly belonged to the register, but which, under the act, belonged to the county. *Held*, that the act in no way attempted to change or interfere with the then existing system of county government, and did not conflict with sec. 23, art. IV, Const., providing that "the legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

5. Ch. 169, Laws of 1895, does not violate sec. 1, art. VIII, Const., providing that the rule of taxation shall be uniform, and that taxes shall be levied on such property as the legislature shall prescribe. The fees paid by the citizens for recording, whether under the fee or salary system, cannot be said to be a tax.

6. Ch. 169, Laws of 1895, being a general law, does not violate subd. 6, sec. 31, art. IV, Const., which prohibits the enactment of any special or private laws for assessment or collection of taxes.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining a general demurrer to the plaintiff's complaint in an action to recover

$21,820.25, alleged to be due and payable to the plaintiff for the collection of fees received by him during his two terms of office as register of deeds of Milwaukee county from January 4, 1897, to January 7, 1901. The complaint alleges, in effect, that the plaintiff, as such register of deeds in and for said county during the period above mentioned, was entitled to receive, for the various services performed by him, the amount and rate of fees prescribed by sec. 764, R. S. 1878; that the amount of such fees so received by him during such two terms of office for recording and filing documents, for certified copies of documents, and for searches and releases, amounted in the aggregate to $58,889.71; that the plaintiff and defendant during such term of office assumed ch. 169, Laws of 1895, to be valid and constitutional, and in compliance therewith the plaintiff paid into the treasury of said county the sum of $58,889.71, and also a further sum of $101.16, received from the secretary of state for the making by the plaintiff of his annual statistical returns,—making in all the aggregate sum of $58,990.87; that during the period of plaintiff's term of office the county paid out of its treasury for the salaries fixed by ch. 169, Laws of 1895, and for expenses of said office, the sum of $61,481.11, leaving an excess of moneys paid out by the county over the amount received from the earnings of the plaintiff and his subordinates of $2,490.24; that during the plaintiff's two terms of office he caused to be registered, according to the provisions of sec. 764, R. S. 1878, all the deaths, marriages, and births in said county, for which he was entitled to receive the aggregate amount of $24,310.49; that, after giving the defendant county credit for the excess of the $2,490.24, mentioned, there remains due to the plaintiff the sum of $21,820.45, for which the plaintiff demands judgment, together with costs and disbursements of this action.

For the appellant there was a brief by *Van Wyck & Groth,* attorneys, and a separate brief by *T. W. Spence,* of counsel,

and oral argument by *Mr. Howard Van Wyck* and *Mr. Spence.* They contended, *inter alia,* that ch. 169, Laws of 1895, is a local bill or law within the meaning of the constitution. *Durkee v. Janesville,* 26 Wis. 697, 700; *Mills v. Charlton,* 29 Wis. 400; *Phillips v. Albany,* 28 Wis. 340; *Lawson v. M. & N. R. Co.* 30 Wis. 597; *Yellow River Imp. Co. v. Arnold,* 46 Wis. 214, 222; *Anderton v. Milwaukee,* 82 Wis. 279, 285; *Ryan v. Outagamie Co.* 80 Wis. 336; *Coutieri v. New Brunswick,* 44 N. J. Law, 58; *People v. Sup'rs,* 43 N. Y. 22; *Montgomery v. Comm.* 91 Pa. St. 125; *Devine v. Comm'rs Cook Co.* 84 Ill. 590; *Comm. v. Patton,* 88 Pa. St. 258; *State ex rel. Harris v. Herrmann,* 75 Mo. 340; *Milwaukee Co. v. Isenring,* 109 Wis. 9. A statute cannot have an operation beyond the purposes set forth in its title, and the title may be resorted to in restraint of generality of act. *Bates v. Nelson,* 49 Mich. 459; *Booth v. Eddy,* 38 Mich. 245; *Ryerson v. Utley,* 16 Mich. 269; *Field v. Gooding,* 106 Mass. 310. Sec. 18, art. IV, of our constitution was probably borrowed from the constitution of the state of New York (sec. 16, art. III), which is in the same language and has received the construction contended for. *Connor v. New York,* 5 N. Y. 285; *People v. Hills,* 35 N. Y. 453; *People v. O'Brien,* 38 N. Y. 193; *Matter of Town of Flatbush,* 60 N. Y. 407; *Matter of Mayor of New York,* 99 N. Y. 577; *People v. Sup'rs,* 43 N. Y. 10, 22; *Johnston v. Spicer,* 107 N. Y. 185; *Astor v. Arcade R. Co.* 113 N. Y. 109. The following cases illustrate the decisions under such provisions, wherein various acts have been held to be void because in conflict with those provisions of the constitution. *Anderson v. Whatcom Co.* 15 Wash. 47, 33 L. R. A. 137, 141; *State ex rel. Wagner v. Sullivan,* 73 Minn. 382, 76 N. W. 224; *Simard v. Sullivan,* 71 Minn. 517, 74 N. W. 280; *Palmer v. Bank of Zumbrota,* 72 Minn. 266, 75 N. W. 380; *State ex rel. Brun v. Oftedal,* 72 Minn. 498, 75 N. W. 692; *State ex rel. Keith v. Chapel,* 63 Minn. 355, 65 N. W. 940; *In re Snyder,* 108

Mich. 48, 65 N. W. 562; *Lansing v. Board of State Auditors,* 111 Mich. 327, 69 N. W. 723; *State ex rel. Graham v. Tibbets,* 52 Neb. 228, 71 N. W. 990; *Rex L. Co. v. Reed,* 107 Iowa, 111, 77 N. W. 572; *Parfitt v. Ferguson,* 159 N. Y. 111, 53 N. E. 707; *O'Mara v. Wabash R. Co.* 150 Ind. 648, 50 N. E. 821; *State v. Scholl,* 58 Kan. 507, 49 Pac. 668; *State ex rel. Norcross v. Washoe Co.* 22 Nev. 421, 41 Pac. 145; *Mitchell v. Colorado M. & E. Co.* 12 Colo. App. 277, 55 Pac. 736; *Land-Title, W. & S. D. Co. v. Tanner,* 99 Ga. 470, 27 S. E. 727; *Bank v. Divine G. Co.* 97 Tenn. 603, 37 S. W. 390; *Steenken v. State,* 88 Md. 708, 42 Atl. 212; *Hardy v. Orange,* 61 N. J. Law, 620, 42 Atl. 581; *Lindsay v. U. S. S. & L. Co.* 42 L. R. A. 783; *N. P. Ex. Co. v. Metschan,* 90 Fed. 80; *Sanders v. Elmore Co. Comm'rs,* 117 Ala. 543, 23 S. W. 788; *State v. Nomland,* 3 N. Dak. 427, 57 N. W. 85; *Blair v. State,* 90 Ga. 326, 35 Am. St. Rep. 206; *Philadelphia v. Ridge Ave. R. Co.* 142 Pa. St. 484, 24 Am. St. Rep. 512; *Davis v. State,* 61 Am. Dec. 331, 337. Ch. 169, Laws of 1895, violates the rule of uniformity of county government. Art. IV, sec. 23, Const.; *Rooney v. Milwaukee Co.* 40 Wis. 23, 27; *State ex rel. La Valle v. Sauk Co.* 62 Wis. 376; *State ex rel. Peck v. Riordan,* 24 Wis. 484; *State ex rel. Keenan v. Milwaukee Co.* 25 Wis. 339; *State ex rel. Walsh v. Dousman,* 28 Wis. 541; *McRae v. Hogan,* 39 Wis. 529; *C. & N. W. R. Co. v. Forest Co.* 95 Wis. 80; *Wagner v. Milwaukee Co.* 112 Wis. 601; *State ex rel. Kennedy v. Brunst,* 26 Wis. 412. Ch. 169, Laws of 1895, violates the rule of uniformity of taxation. Art. VIII, sec. 1, and art. IV, secs. 31, 32, Const.; *Knowlton v. Rock Co.* 9 Wis. 410, 419; *Lumsden v. Cross,* 10 Wis. 284; *State ex rel. Sanderson v. Mann,* 76 Wis. 469; *State v. Gorman,* 40 Minn. 232; *In re Ruan St.* 132 Pa. St. 257, 19 Atl. 219; *Crandon v. Forest Co.* 91 Wis. 242; *State ex rel. Turner v. Bell,* 91 Wis. 274; *C. & N. W. R. Co. v. Forest Co.* 95 Wis. 80.

For the respondent there was a brief by *F. E. McGovern,*

assistant district attorney, and oral argument by *William H. Bennett.*

CASSODAY, C. J.    It is conceded that prior to 1897 the compensation of the register of deeds of Milwaukee county consisted of the fees prescribed by sec. 764, S. & B. Ann. Stats.    During the two terms the plaintiff was in office— from January 4, 1897, to January 7, 1901—he received from such fees for recording and filing documents, and certifying to copies thereof, and for searches and releases, $58,889.71; for making his annual statistical return to the secretary of state, $101.16; and for registering marriages, births, and deaths, $24,310.49,—making in the aggregate $83,301.36 received by the plaintiff during the period mentioned for and on account of such fees; all of which, on the assumption that ch. 169, Laws of 1895, was valid, he paid over and into the treasury of the county; and during that period the plaintiff received from the county for salaries, as fixed by ch. 169, Laws of 1895, $61,481.11,—making a difference of $21,820.25 paid by the plaintiff to the county more than was received by the plaintiff from the county, for which amount he prays judgment

1. The important question in the case is whether ch. 169, Laws of 1895, is a valid enactment.    It is contended that it is in violation of the constitutional provision which declares :

"No private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title."    Sec. 18, art. IV, Const.

The act is entitled :

"An act to make the register of deeds' office of Milwaukee county a salaried office."

The contention is that the title of the act restricts it, and makes it operate within Milwaukee county only, and therefore that it is a local law, and that it embraces more than one subject not expressed in the title.    The title of an act is not

always a sure test as to whether it is local or general. The constitutional provision above quoted was copied literally from a section of the New York constitution, and in construing that section it was held in that state at an early day that "the character of an act is to be determined by its provisions, and not by its title; and general provisions are not rendered void by reason of their being contained in the same act with other provisions of merely local application, though the title of the act refers to the latter provisions only." *People v. Mc-Cann,* 16 N. Y. 58. That decision has frequently been followed and sanctioned in that state. *Williams v. People,* 24 N. Y. 406, 407; *People v. Sup'rs of Chautauqua Co.* 43 N. Y. 13; *People v. O'Brien,* 111 N. Y. 59, 18 N. E. 692; *Ferguson v. Ross,* 126 N. Y. 463, 27 N. E. 954. In this last case it was said by the court to be "well settled that a general provision inserted in an act containing local provisions is valid, whether the subject is expressed in the title or not, as general acts require an enacting clause only." In *People v. O'Brien, supra,* it was said by the court:

"The character of a statute is to be determined by its provisions, and not by its title; but when its language is ambiguous and doubtful, resort may be had to its title, and the occasion of its enactment, to explain an ambiguity in its terms."

The body of the act provides:

"In all counties in this state having, by the last census, a population of one hundred and fifty thousand people or upwards, the register of deeds shall receive in lieu of all fees a salary," etc.

The contention is that Milwaukee was the only county in the state having the requisite population to which it could apply at the time of the enactment. But it is a general rule of construction that statutes are not to be construed so as to operate *retrospectively,* unless the intention of the legislature that they should so operate is unmistakable. *Seamans v. Carter,* 15 Wis. 548; *Vanderpool v. L. & M. R. Co.* 44 Wis. 652,

663; *Boorman v. Juneau Co.* 76 Wis. 554, 45 N. W. 675; *State ex rel. Davis v. Pors,* 107 Wis. 427, 83 N. W. 706. The act in question was not to go into effect at all until fifteen months after its passage. When it did go into effect it must be construed to apply to and embrace within its operation any and all counties answering the requirement. It is held in Pennsylvania that "there can be no proper classification of cities or counties, except by population." *Comm. v. Patton,* 88 Pa. St. 258, 260; *Wagner v. Milwaukee Co.* 112 Wis. 606, 607, 88 N. W. 577. Besides, it is well settled that, where a statute is capable of two different constructions, one of which is repugnant to the constitution and the other of which will support its validity, the latter must be preferred. *Att'y Gen. v. Eau Claire,* 37 Wis. 400; *Bound v. Wis. Cent. R. Co.* 45 Wis. 543; *Palms v. Shawano Co.* 61 Wis. 211, 21 N. W. 77; *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270. The section of the constitution quoted is, by its terms, restricted to a "private or local bill." See *Lawton v. Waite,* 103 Wis. 244, 79 N. W. 321; *Milwaukee Co. v. Isenring,* 109 Wis. 18, 19, 85 N. W. 131. We must hold that the body of the act is general in its application.

2. Upon the assumption that the act is a "local bill," within the meaning of the section of the constitution quoted, counsel contend that the body of the act provides a radical change of system from fees to fixed salaries, and creates nine new offices and salaries therefor, payable entirely out of the county treasury, irrespective of the receipts of the office, "and without any intimation whatever in the title that such offices are being created." But this court has recently held:

"The constitution does not require the title of a private or local legislative act to go further than to express the subject covered by the body of the law. It leaves the method of expressing such subject to legislative discretion within all reasonable boundaries. The statement of a primary purpose in general terms, in a constitutional sense, reasonably includes

all the means designed to facilitate the accomplishment thereof." *Diana Shooting Club v. Lamoreux,* 114 Wis. 44, 89 N. W. 881.

Assuming the act in question to be a "local bill," within the meaning of the constitutional provision quoted, still it states the primary purpose or object of the act. It was to make the "office" of the register of deeds in Milwaukee county "a salaried office." That suggested that the compensation of all persons employed in the office should be paid a salary or fixed compensation in lieu of all fees. That was a radical change from the system which had prevailed prior to 1897. So, whether the act is considered general, by reason of the body of the act, or local, by reason of the title of the act, still, if not invalid by reason of other objections hereinafter considered, it covered the plaintiff's services during his first term of office.

3. This court has held "that the whole subject of the compensation of register of deeds was revised and covered by the revision of 1898, which went into effect September 1, 1898." *Dane Co. v. Reindahl,* 104 Wis. 302, 80 N. W. 438. Such revision expressly provided that sec. 764, above mentioned, should "not apply to counties" having a population of 150,000 or more, as shown by the last census; but that in all counties containing such population "the register of deeds whose term of office begins next after the taking of any census which shall show such number of inhabitants to be in any such county, shall receive, in lieu of all fees, a salary," etc., to be paid by the county treasurer, monthly or quarterly, as provided. Sec. 764a, Stats. 1898. The same section provides that "the register of deeds in every such county shall, quarterly, pay to the county treasurer all the fees and emoluments of every kind and nature received by him as register," etc. Id. That is substantially the same as sec. 2, ch. 169, Laws of 1895. No one has questioned the validity of sec. 764a as it appears in the revision of 1898. That it embraces

marriages, births, and deaths, and covers the plaintiff's second term of office, is too plain for argument. The same is true of sec. 2, ch. 169, Laws of 1895, as to his first term of office.

4. It is contended that ch. 169, Laws of 1895, violates the section of the constitution which declares that "the legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable." Sec. 23, art. IV, Const. We perceive no good ground for such contention. It did not attempt to change the compensation of any officer during his term of office, as in a case cited by counsel. *Rooney v. Milwaukee Co. Sup'rs,* 40 Wis. 23. The register's office was administered the same as before. The register was elected the same as before. The deputy register and entry or receipting clerk provided for in the act, and all other employees, were to be appointed by the register, with the reserved right in the county board of confirming the deputy register. The register was made responsible for the conduct of all his subordinates by being required to give an additional bond of $25,000, "conditioned for the faithful accounting for and paying over of all money which may come into his hands as such officer, and for the faithful discharge of the duties of his said office." Sec. 3, ch. 169, Laws of 1895. This was because the fees, under the act, belonged to the county, whereas before the act they belonged to the register, who would, of course, look out for and care for his own. The act in no way attempts to change or interfere with the existing system of county government.

5. It is claimed that the act in question is repugnant to the section of the constitution which declares that "the rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall prescribe." Sec. 1, art. VIII, Const. It is also claimed to be repugnant to the provision of the constitution which prohibits the enactment of "any special or private laws . . . for assessment or col-

lection of taxes." Subd. 6, sec. 31, art. IV, Const. The act made no attempt.to interfere with the levy of taxes, nor with the rule of taxation, nor with the assessment or collection thereof. The fees to be exacted by the office remained the same as prescribed by sec. 764. The argument is that under the fee system the register was at liberty to waive his fees, and do the work for nothing, but now every citizen having services performed must pay the fee, and hence it is in effect a tax. That section declared then that "every register of deeds *shall* receive the following fees." The language is the same now. He was at liberty to give away his fees then. Under the act he had a salary in lieu of fees, and hence was accountable for the amount of the fees. In the one case he lost the fee; in the other he must account for the fee. In neither case were the patrons of the office taxed, but merely paid or failed to pay what the law required that they should pay for services rendered. In the present case the fees received and paid by the county greatly exceeded the salaries paid by the county. Had the salaries paid exceeded the amount of fees received, then, of course, the excess would necessarily have been paid out of the county treasury, and would have been supplied by taxation. But even in that event, the enactment being a general law, as shown by the body of the act, as mentioned, there is no force to the further contention that it invades the constitutional prohibition against the levy of a tax by special act. We must hold that ch. 169, Laws of 1895, was a valid enactment.

*By the Court.*—The order of the circuit court is affirmed.