THE STATE EX REL. VANDENHOUTEN, Respondent, vs. VAN-
HUSE and others, Appellants.

*November 18—December 11, 1903.*

*Constitutional law: Local laws: Title of act: Legislative grant of
corporate powers: Schools and school districts: Apportionment
of school fund: Retrospective statutes: Necessary parties.*

1. Ch. 160, Laws of 1903, entitled "An act to legalize the organiza-
   tion of joint school district No. 4, of the towns of R. and L.
   in K. county, and to legalize the subsequent acts and proceed-
   ings of the officers and voters of said district," and providing
   in the body of the act that the designated organization "is
   hereby in all things legalized," and its acts and those of its
   officers and electors are legalized, only embraces one subject,
   and that subject is sufficiently expressed in the title, within
   the calls of sec. 18, art. IV, Const., declaring that no private
   or local bill which may be passed by the legislature shall em-
   brace more than one subject, and that shall be expressed in
   the title.
2. Said act is not repugnant to subd. 7, sec. 31, art. IV, Const., pro-
   hibiting the legislature, by special or private law, to grant cor-
   porate powers or privileges, except to cities; nor to subd. 8,
   sec. 31, art. IV, Const., prohibiting the legislature from enact-
   ing any special or private laws for authorizing the apportion-
   ment of any part of the school fund.
3. Ch. 160, Laws of 1903, legalizing an attempted organization of
   a school district, was enacted during the pendency of an appeal
   from an order overruling a demurrer to a complaint demand-
   ing judgment that such school district had no existence, and
   is *held* to be a valid enactment, and that effect must be given
   to its retrospective provisions.
4. In an action to obtain judgment that a school district has no
   existence, and to exclude defendants from acting as school
   officers therein, the school district itself should be joined as
   a party defendant.

APPEAL from an order of the circuit court for Kewaunee
county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This is an appeal from an order overruling a demurrer to
the complaint demanding judgment that the pretended Joint
School District No. 4 of the towns of Red River and Luxem-

berg has no existence, and to exclude the defendants from acting as school officers therein. The complaint alleges, in effect: That the relator is a citizen of the United States, and a resident and taxpayer in the town of Luxemberg, in Kewaunee county, and school clerk of District No. 4 therein. That for more than ten years last past there existed Joint School District No. 2, of Red River and Green Bay, in the counties of Kewaunee and Brown; also district No. 1 of Red River, in Kewaunee county; also Joint District No. 1, of the towns of Red River, Luxemberg, Casco, and Lincoln, in Kewaunee county; also District No. 4 in Luxemberg; also Joint District No. 3 in the towns of Luxemberg and Casco; also District No. 7 in Luxemberg—all created under ch. 27, Stats. 1898. October 23, 1899, a petition was filed in the office of the clerk of Luxemberg for a joint school district from Luxemberg and Red River, and, pursuant to a call, a meeting of the supervisors of the towns of Casco, Lincoln, Luxemberg, and Red River, all in Kewaunee county, was held, and such application was by order denied, which order was duly signed and filed and entered of record, and no appeal therefrom has ever been taken, and no other petition therefor has ever been made. In the latter part of 1899, or the fore part of 1900, the defendants met at Red River or Luxemberg, and "without any authority of law, and without any proceedings under law, and with the intent to unlawfully usurp corporate existence, formed, or attempted to form, a pretended school district, and had then and there assumed to form an alleged school district, calling the same 'Joint School District No. 4 of the Towns of Luxemberg and Red River,'" in the territory therein described, from said Joint School District No. 2, School District No. 1, School District No. 4, School District No. 7, and Joint School District No. 1, and that the defendants made up a fund among themselves from their private means, and built a schoolhouse, and contributed money, in part, for the support of the school

therein, the payment of teachers, etc., and maintained or attempted to maintain a public school, and to exercise corporate powers of a school district, and constituted the defendants "the school board" of Joint School District No. 4, with a director, a treasurer, and a clerk; and they assumed powers as such, and drew and used what would have been their proportionate share of the public school moneys, had there been such a district, and prevented the relator from performing his duty as clerk of School District No. 4 in taking the census for 1902, and that the defendant Delebroux took the same, and that the defendants formed themselves into a corporation without being incorporated. That June 27, 1902, the Attorney General refused to bring suit for such misconduct, and thereupon the relator commenced this action.

For the appellants there was a brief by *O. H. Bruemmer,* attorney, and *Wigman, Martin & Martin,* of counsel, and oral argument by *P. H. Martin.*

For the respondent the cause was submitted on the brief of *John Wattawa.*

CASSODAY, C. J.   1. It is assumed, for the purpose of this appeal, that at the time of the commencement of this action "Joint School District No. 4 of the towns of Luxemberg and Red River," mentioned in the complaint, was not legally organized, and had no legal existence.   Subsequently, and pending the appeal to this court, the legislature passed an act entitled "An act to legalize the organization of Joint School District No. 4, of the towns of Red River and Luxemberg, in Kewaunee county, and to legalize the subsequent acts and proceedings of the officers and voters of said district."   Ch. 160, Laws of 1903.   The first section of that act declares that "the organization of Joint School District No. 4 of the towns of Red River and Luxemberg, in Kewaunee county, comprising" the territory therein described, *"is hereby in all things legalized,"* which territory is the same

as alleged in the complaint to have been included by the defendants in their attempt to organize Joint School District No. 4 in the latter part of 1899, or fore part of 1900, except 120 acres, which appears to have been omitted. The second section of the act declares:

"All acts and proceedings of the said Joint School District No. 4, of the towns of Red River and Luxemberg, in Kewaunee county, and of the electors and officers thereof are hereby legalized to the same extent and effect as if said school district had been legally organized in the first instance."

The important question in the case is whether the act is valid and effectual according to its terms. There can be no question but that it is a "local bill," within the meaning of the section of the constitution which declares that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." Sec. 18, art. IV. *Milwaukee Co. v. Isenring,* 109 Wis. 9, 85 N. W. 131; *Wagner v. Milwaukee Co.* 112 Wis. 601, 88 N. W. 577; *Diana Shooting Club v. Lamoreux,* 114 Wis. 44, 89 N. W. 880; *Verges v. Milwaukee Co.* 116 Wis. 191, 93 N. W. 44. Does the act "embrace more than one subject?" If not, is that subject "expressed in the title?" In the last two cases it was expressly held that "the constitution does not require the title of a private or local legislative act to go further than to express the subject covered by the body of the law. It leaves the method of expressing such subject to legislative discretion, within all reasonable boundaries. The statement of a primary purpose in general terms in a constitutional sense reasonably includes all the means designed to facilitate the accomplishment thereof." The act recognizes the organization of the district so formed in the latter part of 1899 or the fore part of 1900, and nearly all of the territory over which it assumed jurisdiction, and thereby expressly purported to legalize the same in all things, including "all acts and proceedings" of

·such organization, "and of the electors and officers thereof
. . . to the same extent and effect as if said school district
had been legally organized in the first instance." We must
hold that the act only embraces one subject, and that that
subject is sufficiently expressed in the title. If the act is
·effective according to its terms, then it relates back to the in-
·ception of the organization, which was more than two years
prior to the commencement of this action.

2. It is claimed that the act is in contravention of the pro-
·visions of the constitution which prohibit the legislature
·"from enacting any special or private laws . . . (7) for
granting corporate powers or privileges, except to cities;
(8) for authorizing the apportionment of any part of the
school fund." Sec. 31, art. IV. It was held by this court
more than twenty years ago that the subdivision of that sec-
tion of the constitution as it then stood which prohibited "the
enactment of any special or private law for *incorporating*
any town or village by special charter or for the amendment
·of such charter" had "no reference to mere *quasi-corpora-
tions* like the towns which exist as political subdivisions of
the state." *Cathcart v. Comstock,* 56 Wis. 590, 605–607, 14
N. W. 842. And it was there further held, in effect, that
the creation of such towns brought them under general stat-
utes which had previously provided that such organized
towns should be a body corporate, with certain specified
powers. So in a later case it was held that the division of
·existing towns and the creation of new towns by direct action
of the legislature is not "the enacting of any special or pri-
vate laws . . . for incorporating any town," within the
meaning of the same clause of the constitution. *State ex rel.
Graef v. Forest Co.* 74 Wis. 610, 43 N. W. 551. Certainly
there can be no more objection to the creation of school dis-
tricts by direct action of the legislature than there is to the
creation of towns in that way. Towns are thus held to be
mere *quasi-corporations,* and certainly school districts can-

not be regarded as anything more. The general statutes provide for the formation of school districts and joint school districts, and the alteration thereof. Secs. 412–420. These statutes expressly declare that "a district lawfully organized is a body corporate and possesses the usual powers of a public corporation." Sec. 417. Stats. 1898. This applies to joint school districts as well as other districts. If the curative act in question had the effect to legalize the organization "to the same extent and effect as if said school district had been legally organized in the first instance," as therein expressed, then such district, when so organized, was thereby brought within the provisions of the general statute quoted, and, by virtue of such general statute, became a body corporate, and possessed of the usual powers of a public corporation. So all provisions of the general statutes applicable to such school districts became applicable to the new district so legally organized. The act in question did not attempt to grant "corporate powers or privileges," nor to apportion any part of the school fund, and hence it is not repugnant to the provisions of the constitution quoted.

3. It is contended that the act in question is void because it retroacts upon a past controversy, and is an attempt to reverse the decision of the trial court made in the exercise of undoubted authority. The past controversy thus referred to, as indicated by some of the decisions cited in support of the contention, relate to controversies which had terminated in judgment before the curative act. *Charles Baumback Co. v. Singer,* 86 Wis. 329, 56 N. W. 873. To that case may be added *Wis. Tel. Co. v. Krueger,* 115 Wis. 150, 153, 154, 90 N. W. 458, and numerous cases there cited. Others relate to curative acts interfering with vested rights, or imposing some new obligation. In the case at bar no judgment was ever entered. No vested rights are involved, and no new obligation is imposed. In the case of *Rood v. C., M. & St. P.*

*R. Co.* 43 Wis. 146, the plaintiff recovered judgment in the circuit court for three times the amount of excessive freight charges. The railway company appealed to this court. On the argument here, counsel for the plaintiff was confronted with an act of the legislature published a few days before repealing the statute upon which the judgment was based, and so it was held that no recovery could be had in that action. To the same effect, *Freiberg v. Singer,* 90 Wis. 608, 611, 63 N. W. 754; *Davison v. Brown,* 93 Wis. 85, 88, 67 N. W. 42. After the motion to dismiss the appeal had been denied by the Supreme Court of the United States, in the celebrated *McCardle Case,* 6 Wall. 318, 327, congress passed an act repealing the provisions of the act which authorized the appeal; and the court, among other things, held that "the repeal of such an act, pending an appeal provided for by it, is not an exercise of judicial power by the legislature, no matter whether the repeal takes effect before or after argument of the appeal." *Ex parte McCardle,* 7 Wall. 506, 515. In a later case, after a suit had been commenced to restrain the construction of a bridge across the Mississippi river at Clinton, Iowa, as a nuisance, and after the pleas and replication had been filed and proofs taken, and the case was ready for hearing, congress passed an act declaring the bridge a "lawful structure," and it was held that the suit was thereby abated. *The Clinton Bridge,* 10 Wall. 454, 462, 463, following the celebrated *Wheeling Bridge Case,* 18 How. 439. See, also, *In re Hall,* 167 U. S. 38, 42, 17 Sup. Ct. 723. We must hold that ch. 160, Laws of 1903, is a valid enactment, and that effect must be given to its retroactive provisions.

4. This court has recently held:

"In *quo warranto* brought to oust the defendants from certain village offices, and to obtain judgment declaring the attempted incorporation of the village to be invalid, the village itself should have been joined as a party defendant." *State ex rel. Weinsheim v. Leischer,* 117 Wis. 475, 94 N. W. 299.

We must hold that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant, in failing to make Joint School District No. 4 a party.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded, with direction to sustain the demurrer to the complaint on the two grounds mentioned.