# CASES DETERMINED

## *January Term, 1876.*

---

ROONEY VS. THE SUPERVISORS OF MILWAUKEE COUNTY.

CONSTITUTIONAL LAW. *Uniformity of county government; increase of county officer's salary by legislative act.*

1. While the general law (ch. 75 of 1867) requiring county boards of supervisors to fix the salaries of county officers the year before their election, and prohibiting increase or diminution of such salaries during the term for which they are fixed, remains in force, legislative acts empowering particular counties to increase the compensation of their officers contrary to its provisions, violate the uniformity of county government required by the constitution.

2. An act requiring the board of supervisors of a county to allow the county treasurer a specified sum in addition to the salary previously fixed for his then current term, "for the purpose of enabling him to employ such clerks and assistance" as might be necessary in his office during such term, but not requiring him to employ clerks, *held* to increase the treasurer's compensation, and to be void.

APPEAL from the Circuit Court for *Milwaukee* County.

Ch. 177, Laws of 1875, approved on the 4th of March of that year, declares that "the county board of supervisors of Milwaukee county shall appropriate and allow to the county treasurer of said county the sum of three thousand dollars per annum in addition to the salary now allowed him for the term commencing on the first Monday of January, 1875, for the purpose of enabling him to employ such clerks and assistance

as may be necessary in his office during said term; said sum so allowed to be paid the said treasurer in quarterly installments," etc. The plaintiff was the treasurer of said county for the term described in said act; and on the 10th of September, 1875, he presented to the board of supervisors of said county an account in his favor against the county, in the following form:

" THE COUNTY OF MILWAUKEE TO RICHARD ROONEY, County Treasurer of the County of Milwaukee,            Dr.

" To amount allowed by act of 1875, ch. 177, to county tresurer, for clerk hire and assistance:

"Amount due April, 1875,      -    -    -    -    -    -    -    $750  00
"Amount due July 1, 1875,        -    -    -    -    -    -    -     750  00
                                                                   "$1,500  00 "

The board having disallowed the account, plaintiff appealed to the circuit court, where he had judgment for the full amount of his account, together with interest on $750 from April 1, 1875, and on $750 from July 1, 1875, to the date of the judgment. The board of supervisors appealed from the judgment.

The brief for the appellant is signed by *C. K. Martin,* and that for the respondent by *Jenkins, Elliott & Winkler.* The cause was argued orally by *Mr. Martin* and *Mr. Jenkins.*

For the appellant, counsel cited the general laws defining the powers and duties of boards of county supervisors in fixing the salaries of county officers (Laws of 1863, ch. 220; Laws of 1867, ch. 75), and contended that ch. 177, Laws of 1875, was invalid because it violated the uniformity of county government required by the constitution. *State ex rel. Keenan v. Supervisors,* 25 Wis., 339; *State ex rel. Walsh v. Dousman,* 28 id., 541; *State ex rel. Grundt v. Abert,* 32 id., 403. It may be claimed that this extra compensation is for clerk hire. There is no proof that plaintiff, as county treasurer, has been obliged to employ more clerks than his prede-

cessors, or more than the board contemplated when his salary was fixed. Besides, this is no answer to the proposition that the law is unconstitutional.

For the respondent it was argued that the power conferred on the county supervisors to adjust the treasurer's salary does not pertain to the system of county government. It is conferred by special acts of the legislature; was not so conferred until fifteen years after the adoption of the constitution; and is not within the constitutional provision relied on by the defendant. *Single v. Marathon County*, 38 Wis., 363. The act does not withdraw from the supervisors any function or power, and confer it upon others. Their authority to adjust the salary remains intact. The legislature assumes, in the act of 1875, to fix definitely an amount for allowance to the county treasurer for clerk hire and assistance in his office, *in addition to his salary*. It recognizes the fact that the duties of the office have become onerous and assistance is needed, and that the salary as adjusted by the board long prior to the term is inadequate to compensate the treasurer for his services and the necessary clerical force in addition. It recognizes the prohibition that rests upon the supervisors by virtue of sec. 2, ch. 75, Laws of 1867, and that they are powerless to remedy the evil. It would be singular if the sovereign legislative power of the state were powerless to act in the emergency thus presented. An act of the legislature will not be held invalid, unless it violates the constitution *plainly and palpably*, so as to leave *no doubt or hesitation* in the mind of the court. *State ex rel. Grundt v. Abert*, 32 Wis., 403.

RYAN, C. J. Ch. 177 of 1875 does not purport to authorize or require the treasurer of Milwaukee county to employ clerks in his office, and the board of supervisors to pay him the compensation of clerks so employed. It requires the board to pay the treasurer an annual sum, in addition to his salary, for the purpose of enabling him to employ clerks. It does not appear

in this case that the treasurer actually employs any clerks in his office, though it may be presumed that he does. He takes the office *cum onere*, bound to discharge its duties, with or without clerks, as he may be able. And the sum which the statute requires to be paid to him is, by its terms, absolutely payable, without reference to the number or compensation of the clerks he may employ. There is therefore no doubt, as was indeed conceded on the argument, that the statute must be held as directly increasing the compensation of the treasurer himself, after the commencement of his term of office.

Sec. 26, art. IV of the constitution, prohibits the legislature from increasing or diminishing the compensation of public officers during their term of office. But this provision has been held to apply to such officers only as receive salaries from the state treasury; that is, state officers proper, excluding municipal officers proper. *Supervisors v. Hackett*, 21 Wis., 613.

Legislative history points and sanctions the policy of the constitutional provision, to limit public officers to the very compensation at which they take office, to put their compensation beyond legislative interference, and to save the legislature from their importunity, and the treasury from legislative discretion in their favor. *Carpenter v. State*, 39 Wis., 271. The purpose of the provision appears to apply as well to municipal officers receiving salaries, as to state officers; and it is unfortunate, perhaps, that the language of the constitution could not be held to include both. Such was evidently the view of the legislature.

*Supervisors v. Hackett* was decided January 3, 1867. And ch. 75 of 1867, passed April 2d, the same year, was plainly intended to supply the defect in the constitution disclosed in that case. It requires county boards of supervisors to fix the amount of salaries of county officers the year before their election; and prohibits increase or diminution of such salaries during the term of office for which they are fixed.

This statute is very distinguishable from ch. 20 of 1863,

which related to county treasurers only; and the main purpose of which appears to have been to substitute fixed salaries in lieu of fees, as compensation of those officers. It provides, indeed, that their salaries, once fixed, shall not be increased or diminished during their term of office, but requires them to be fixed after, not before, the election of those officers. The essential difference between the two statutes, even in relation to county treasurers, is obvious.

The statute of 1867 effectively applies the wise policy of the constitution to county government throughout the state, with the prudential addition that the compensation of county officers shall be unchanged, not only during their term of office, but after their election. The salary must go upon the duties of the office, not upon the influence of the officer. And the statute appears to us to be as manifestly part of the system of county government, as any other statutory provision; as manifestly as the constitution itself is part of the system of state government. The statute enters into and forms an essential and weighty provision of the organic law of county government established by the legislature. It enacts a vital principle, to control county government throughout the state. And it would be a signal breach of the uniformity of the organic system of county government required by the constitution, that the board of supervisors of one county should be permitted or required to disregard the wholesome principle binding all the other counties of the state. It would be a strange uniformity which, for grave ends of public policy, should absolutely place the compensation of county officers beyond control in some counties, and subject it, in violation of such policy, to control in other counties. It is not a question of the amount of compensation. It is a question of mischievous control over compensation. And the statute of 1875 is an attempt at the very evil which the statute of 1867 is intended to prevent; the former proving the wisdom of the latter. The legislature may at pleasure repeal the statute of

1867, but cannot suspend its operation in a single county. And while it remains in force, the board of supervisors of a county can take no statutory power to violate its provisions. The legislature has no power needlessly and materially to impair the practicable uniformity of the one system of town and county government required by sec. 23, art. XIV of the constitution. *State v. Riordan*, 24 Wis., 484; *State v. Supervisors*, 25 id., 339; *State v. Dousman*, 28 id., 541; *McRae v. Hogan*, 39 id., 529.

*State v. Abert*, 32 Wis., 403, goes upon the ground that the statute in that case impaired the uniformity in a matter so trifling and unimportant as not to merit serious consideration on the question of its validity; *de minimis non curat lex. Single v. Supervisors*, 38 Wis., 363, holds a statute authorizing a county to subscribe to the stock of a railroad, not to affect the system of county government. Nothing said in either of those cases is in conflict with the views taken of this.

*By the Court.* — Judgment reversed, and cause remanded to the court below with directions to affirm the appellant's disallowance of the respondent's claim.