2]                    JANUARY TERM, 1904.                    435

                  State ex rel. Sommer v. Erickson, 120 Wis. 435.

THE STATE EX REL. SOMMER, Appellant, vs. ERICKSON,
        County Clerk, Respondent.

                *January 13—February 2, 1904.*

Mandamus: *Counties: Sheriffs: Compensation: Fees: Salary: Stat-
        utes: Construction: Constitutional law.*

1. Under ch. 217, Laws of 1901 (providing that the county board
   of any county might, at any time before *or during* the term of
   office of the sheriff, by resolution, change the method of com-
   pensating the sheriff, from fees, 'provided by law, to salaries;
   and that it should apply to all sheriffs, including those then
   holding office or thereafter to be elected), a resolution of the
   county board, in effect, that the *present* method of paying the
   sheriff a salary for work done within the county, and fees for
   work done outside the county, be changed in pursuance of
   said ch. 217, followed by a report of a committee of the board,
   that *thereafter* the sheriff "be paid a salary for all work of
   every kind—civil and criminal—inside and outside" the county,
   "and outside the state," and prescribing the salary so as to
   effect the change, which report was adopted in pursuance of
   ch. 217, is not ambiguous, and applied to the sheriff in office
   when the resolution took effect.
2. Ch. 217, Laws of 1901, expressly gives the power to make the
   changes therein specified to "the county board of *any* county,"
   and is expressly made to "apply to *all* sheriffs, including those"
   then holding office. *Held,* that the purpose of said act was to
   give power to the county board of every county of the state
   to make the changes therein authorized, including a county
   which, under sec. 694a, S. & B. Ann. Stats., had changed from
   the fee system to a salary for services rendered the county
   within its limits, and had left the sheriff to be compensated
   for other services by fees as theretofore.
3. Under ch. 217, Laws of 1901 (providing that the county board
   may fix the salary of the sheriff of its county, and making such
   salary "in lieu of all fees, per diem, and compensation" pre-
   viously authorized "for services rendered" by such sheriff,
   "except for keeping and maintaining prisoners in the county
   jail"), the county board is at liberty to fix a salary which shall
   be in addition to lawful disbursements, as well as a salary
   which should include such disbursements.
4. Ch. 217, Laws of 1901, authorizing county boards to change the

method of compensation of sheriffs from fees to a salary, does. not conflict with sec. 23, art. IV, Const., requiring practical uniformity in county government, nor with sec. 26, art. IV, Const., forbidding the legislature to increase or diminish the compensation of a public officer during his term of office.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge.  *Affirmed.*

The relator was elected sheriff of Douglas county in November, 1900, and he brings this *mandamus* to compel the county clerk to issue and deliver to him a county order for the sum of $500 in payment of his salary as sheriff during the last four months of his term of office for services rendered wholly within the county. It appears from the relation, and is undisputed, that November 7, 1895, the county board, by resolution pursuant to sec. 694a, S. & B. Ann. Stats.; changed the method then prescribed by law for compensating the sheriff for all services to be performed by him within the county, and therein provided that "said salary when so fixed shall be in lieu of all fees, compensation, and mileage for sheriff, and under-sheriff, and deputy sheriffs, for all services rendered by said officers within the limits of this county for which services the county is liable, excepting compensation for keeping and maintaining prisoners in the common jail," and further provided that such change should go into effect on the first Monday of January, 1897; that at an adjourned session of the annual meeting of the county board held March 16, 1896, the county board by resolution fixed such salary at $1,500 per annum, payable monthly at the end of each and every month. Such method of compensating the sheriff was in force in that county from the first Monday of January, 1897, to the first Monday of January, 1901. *Northern Trust Co. v. Snyder,* 113 Wis. 517, 89 N. W. 460. The same method of compensating the sheriff of that county continued until it was subsequently changed by the action of the county board. *Douglas County v. Will-*

iam J. Sommer, ante, p. 424, 98 N. W. 249. The relator claims that no change was made which went into effect during his term of office, or, in other words, until the first Monday of January, 1903. On the other hand, the defendant claims that a change was made August 27, 1902. It appears from the relation, and is undisputed, that at a duly called and legal special meeting of the county board of supervisors held August 27, 1902, the board, after the matter had been referred to, considered, and reported favorably by the committee thereof on sheriffs and courts, passed and adopted a resolution to the effect that the then present method of paying the sheriff a salary for work done *within the county,* and fees for work done outside the county, be changed, in pursuance of ch. 217, Laws of 1901, to the payment of a salary for work done *both inside and outside the county,* and that the county board fix the salary of the sheriff and undersheriff and deputies, including both civil and criminal work, and that the board did therein fix the salary of sheriff of Douglas county at $2,500 per year; undersheriff of that county, $1,000 per year; deputy sheriff of that county, $800 per year; and said salaries were each and all therein made payable in monthly installments; and they fixed the salary of additional deputies, who might act as bailiffs in court, to be paid $2 per day for the actual time spent in such services. Thereupon the defendant moved to quash the writ on the ground that the petition does not state facts sufficient to constitute a cause of action, and that no reason is therein stated for granting the alternative writ. Upon the hearing of the motion, the same was granted by the court, and an order was entered therein quashing and setting aside the alternative writ, and dismissing the petition, with costs and disbursements to be taxed, and judgment ordered accordingly. From the judgment so entered, the relator brings this appeal.

*H. W. Dietrich,* for the appellant.

*C. H. Crownhart,* for the respondent.

CASSODAY, C. J.   Counsel for the relator is undoubtedly
right in claiming that unless the relator's compensation as
sheriff was changed, pursuant to ch. 217, Laws of 1901, by
the action of the county board August 27, 1902, then it re-
mained to the end of his term at $1,500 per annum for all
services to be performed within the county for which the
county was liable, as fixed March 16, 1896.   There was cer-
tainly an attempt on August 27, 1902, to make such change,.
pursuant to ch. 217, Laws of 1901.   Counsel contends that
it was ineffectual, for several reasons:

1.   Prior to the passage of that act the statute required the
county board, at its annual meeting, to fix the salary of every
county officer to be elected in the county during the ensuing
year, and that the salary so fixed should "not be increased or
diminished during his term of office."   Sec. 694, Stats. 1898.
Of course, that did not prevent the legislature from changing
such statute.   The act in question declared that "the county
board of any. county" might, "at any time before *or during*
the term of office of the sheriff, by resolution, change the
method of compensating the sheriff, undersheriff and depu-
ties from fees, now provided by law, to salaries," etc.   Sec. 1,.
ch. 217, Laws of 1901.   The act further declared that it
"shall apply to all sheriffs, including those now holding office
or hereafter to be elected."   Sec. 3, ch. 217, Laws of 1901.
The argument is that, while the board were at liberty to make
such change during the relator's then present term of office,.
yet that the action of the board had left it ambiguous as to
whether such change was intended to apply to the relator,
or to his successor in office.   The resolution mentioned in the
foregoing statement is that the then *"present* method of pay-
ing the sheriff a salary for work done within the county, and
fees for work done outside the county, be changed in pursu-
ance of" that chapter; and the committee of the county board
then reported "that *thereafter* the sheriff of Douglas county
be paid a salary for all work of every kind—civil and crim-

inal—inside and outside of Douglas county, and outside of the state," and therein fixed the salaries of the sheriff, undersheriff, and deputy, and prescribed the time and manner of paying such salaries. Such report of the committee was adopted so as to effect the change "in pursuance" of the act the same as the resolution had been. We must hold that the action of the board was unambiguous, and applied to the relator.

2. It is claimed that ch. 217, Laws of 1901, did not apply to Douglas county, because at the time of its enactment the sheriff of that county was being compensated by a salary for all services performed within the county, as prescribed by sec. 694a, S. & B. Ann. Stats., and by fees then provided by law for all other services. Other counties, as well as Douglas county, were at the time partly under the fee system and partly under the salary system prescribed in the section of the statute last cited. Unless the act in question authorized such counties to change the method of compensating the sheriff, undersheriff, and deputies from the fees then provided by law to salaries to be paid "in lieu of all fees, per diem and compensation for·services rendered by them, except for keeping and maintaining prisoners in the county jail," then it is obvious that such counties—including Douglas county—will be in a class by themselves, with a double system of compensating sheriffs. The act expressly gives the power to make such change to "the county board of *any* county," and is expressly made to "apply to *all* sheriffs, including those now [then] holding office." The act expressly repealed ch. 151, Laws of 1899, which related only to Milwaukee county. Sec. 2, ch. 217, Laws of 1901. The bill for the enactment in question was introduced in the senate eighteen days after the decision of this court in *Milwaukee Co. v. Isenring,* 109 Wis. 9, 85 N. W. 131, declaring certain acts of the legislature respecting the compensation of sheriffs in Milwaukee county unconstitutional and void. The obvi-

ous purpose of ch. 217, Laws of 1901, was to relieve Milwaukee county from the effect of that decision, and also to give power to the county board of every county in the state to make such change.

3. Counsel contend that the county board did not comply with the act in question by the resolution of August 27, 1902. This claim is based upon the ruling of this court in *Parsons v. Waukesha Co.* 83 Wis. 288, 290, 53 N. W. 507, where the sheriff was under a salary prescribed by sec. 694*a,* S. & B. Ann. Stats. In that case the late Mr. Justice PINNEY, speaking for the court, said:

"Under the system of compensation by specific fees, for which the salary is merely a substitute, the county would not be liable for livery hire in subpœnaing witnesses, or for car fare and livery hire in summoning the jury for the regular terms of the circuit court; and, as to assistance and conveyance in making arrests in criminal cases, the sheriff, under the fee system, could *claim nothing beyond* the prescribed fee for the arrest and conveyance of prisoners. . . . The object of the statute, and of the action of the county board under it, was to give a gross sum in lieu of specific fees, but not to open the door for the sheriff to make charges against the county *not theretofore authorized or allowed by law."*

That act made the salary cover all fees and compensation for the sheriff, undersheriff, and deputy for all services within the county, except the fees of sheriffs in civil cases. The resolutions in question made the salaries of the sheriff, undersheriff, and deputy therein fixed to cover "all work of every kind, civil and criminal, inside and outside of Douglas county, and outside the state of Wisconsin," and also required the sheriff to "keep a true account of all the receipts of his office in civil and criminal cases, and on the first day of each and every month turn all moneys into the county treasury with a verified statement of such receipts, and that the sheriff also keep a true account of all the disbursements

of himself and deputies in administering their said offices and render to the county board each month verified statements of such disbursements and expenditures, to be allowed and paid by Douglas county. And that the county board at its meetings audit the said receipts and disbursements of the sheriff's office." Ch. 217, Laws of 1901, not only required the sheriff to "keep accurate books of account," as stated, but also to "carry the items of charges into a ledger account," and to "pay to the county treasurer all fees, per diem and other emoluments of whatever kind received by him, and shall at the end of each quarter of the year file with the county clerk, to be laid before the county board, a sworn statement of all such fees, per diem and emoluments collected by him or for him during the quarter of the year, *and all the expenses of his office during such time,*" and made such salaries "in lieu of all fees, per diem and compensation for services rendered by them, except for keeping and maintaining prisoners in the county jail." The distinction between the two statutes is very broad. Such salaries, under ch. 217, Laws of 1901, were to cover the actual services of such officers "in lieu of all fees, per diem and compensation" previously authorized "for services rendered" by such officers, "except for keeping and maintaining prisoners in the county jail." The obvious purpose of requiring the sheriff to "carry the items of charges into a ledger account," and to lay before the board a sworn statement of "all the expenses of his office during such time," was to enable the county board to audit the "disbursements of the sheriff's office," as well as the receipts of the sheriff's office, in order that such disbursements and expenditures as should be properly allowable as expenses of the sheriff's office should be paid by the county as provided in the resolutions. We perceive no good reason why the board were not at liberty to fix a salary which should be in addition to such lawful disbursements, as well

as a salary which should include such lawful disbursements. We must hold that the resolutions complied with the statute in question.

4. Counsel contends that the act in question is repugnant to the provision of the constitution which requires the legislature to "establish but one system of town and county government." Sec. 23, art. IV. As indicated, the act applied to every county in the state. The sheriff was elected the same as before. His subordinates were appointed the same as before. The office was administered the same as before. Absolute uniformity is not required. The system is only to be "as nearly uniform as practicable." The mere fact that the county board of any county may make such change in the method of compensating sheriffs does not interfere with such uniformity. *Verges v. Milwaukee Co.* 116 Wis. 200, 93 N. W. 44. The decision in the *Rooney Case,* cited, was under an act relating to a particular county. *Rooney v. Milwaukee Co.* 40 Wis. 23. *State ex rel. Peck v. Riordan,* 24 Wis. 484, cited, was similar in that respect. True, the constitution provides that the compensation of no public officer shall "be increased or diminished during his term of office." Sec. 26, art. IV. But it was held many years ago that such provision "only applies to officers who receive a fixed salary from the public treasury of the state." *Milwaukee Co. v. Hackett,* 21 Wis. 613; *Rooney v. Milwaukee Co.* 40 Wis. 26; *State ex rel. Martin v. Kalb,* 50 Wis. 178, 6 N. W. 557. This being so, it is obvious that the act in question was not invalid merely because it authorized the change in the compensation of the sheriff during his term.

*By the Court.*—The judgment of the superior court of Douglas county is affirmed.