ERIC G. JOHNSON, District Attorney St. Croix County
You have requested my opinion whether the salary of a district attorney may be increased during his or her term of office. You raise this question because, since January 1, 1990, district attorneys have had their salaries set and paid by the State of Wisconsin. See 1989 Wisconsin Act 31. Your concern arises from the provisions of article IV, section 26 of the Wisconsin Constitution, which provides that "the compensation of any public officer [shall not] be increased or diminished during his term of office."
I conclude that although district attorneys now derive their salaries from the state treasury, district attorneys are not "public officer[s]" within the meaning of article IV, section 26. Consequently, the Legislature may increase or decrease district attorneys' salaries during their terms of office without offending the Wisconsin Constitution.
The constitutional restriction on increasing or decreasing the compensation of public officers has deep roots in Wisconsin. The Constitution of 1848 included the following provisions:
 The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor, after the services shall have been rendered or the contract entered into. Nor shall the compensation of any public officer be increased or diminished during his term of office.
Wis. Const. art. IV, sec. 26 (1848). Identical language appears in the present constitution: *Page 150 
 The legislature shall never grant any extra compensation to any public officer, agent, servant or contractor, after the services shall have been rendered or the contract entered into; nor shall the compensation of any public officer be increased or diminished during his term of office except that when any increase or decrease provided by the legislature in the compensation of the justices of the supreme court or judges of any court of record shall become effective as to any such justice or judge, it shall be effective from such date as to each of such justices or judges.
Wis. Const. art. IV, sec. 26 (1990).
The Wisconsin Supreme Court has considered several times the restriction in article IV, section 26 of the Wisconsin Constitution (hereafter section 26). In Board of Supervisors v. Hackett andothers, 21 Wis. 620 [*613] (1867), the court defined the term "compensation" in the section, holding that
 the word "compensation" as used in sec. 26, art. IV of the constitution, signifies the return for the services of such officers as receive a fixed salary payable out of the public treasury of the state; . . . it does not, and was not intended to apply to the remuneration of that large class of officers, such as sheriffs, constables, clerks of courts and others, who receive specific fees for specific services as they are from time to time required to render them. . . . [I]t was not the intention to restrict the power of the legislature as to the compensation of officers of this class . . . .
Id. at 625 [*617-18]. The court further decided that "the limitation [in section 26] applies only to those salaried officers paid by the state, and not to those minor ones who, according to the usual course of public business, are paid by fees taxed or allowed for each item of service as it is rendered." Id. at 625 [*618].
In State ex rel. Martin v. Kalb, 50 Wis. 178, 6 N.W. 557
(1880), the court interpreted the term "public officer." In 1875, the Legislature created a county court in Brown County, provided *Page 151 
for the election of a judge, initially fixed the judge's salary at $3,000 (with a scheduled increase to $3,500), and required the county treasurer to pay the salary out of county funds. Martin,50 Wis. at 179. In 1879, the Legislature changed the court's jurisdiction and reduced the judge's salary to $1,500 during the term of his office. The judge brought suit for payment of $3,500, contending that section 26 prohibited the reduction in his salary. Applying Hackett, the supreme court concluded that because county judges "come within the class of officers whose compensation is not paid out of the state treasury," id. at 184, section 26 did not prohibit the reduction.
Thus, the restriction in section 26 applied if an official received a fixed salary from the state treasury. The supreme court affirmed that view of section 26 in other decisions. See, e.g., Siebv. Racine, 176 Wis. 617, 625, 187 N.W. 989 (1922) (section 26 "applies only to public officers whose salaries are paid out of the state treasury"); State ex rel. Sommer v. Erickson, 120 Wis. 435,98 N.W. 253 (1904) (county board's reduction of sheriff's compensation did not violate section 26 because salary was not paid out of state treasury).
In State ex rel. Sachtjen v. Festge, 25 Wis.2d 128,130 N.W.2d 457 (1964), however, the supreme court shifted its interpretative focus. Sachtjen arose following a statewide court reorganization in the early 1960's. As part of that reorganization, the state set a minimum salary for county judges and assumed responsibility for paying the major portion of those salaries. Counties were required to pay the balance and authorized to pay, in each county's discretion, a salary supplement as well. Sachtjen,25 Wis.2d at 147-48. Under court decisions linking the status of "public officer" with the source of the official's salary, county judges apparently became "public officer[s]" within the meaning of section 26.
In Dane County, the county board authorized an increase in the county portion of the county judges' salaries, effective on a specified date regardless of when their terms began. The Dane *Page 152 
County clerk, advised that the increase violated section 26, refused to pay the increase to Judge Sachtjen, who brought suit to compel payment.
The Wisconsin Supreme Court characterized the situation as follows:
 The primary question posed in this case is whether a judge of a county court, with the powers and attributes enjoyed since court reorganization, is the type of "public officer" to which sec. 26, art. IV, Wis. Const., applies. If he be such type, the question would follow whether the section applies to his compensation out of county funds as well as state funds.
 It is clear that in many contexts "public officer" would include a judge of a county court as well as a justice of the supreme court, a judge of a circuit court, or a justice of the peace. Any one of them would fulfil the broad definition of "public officer" approved by this court in a different context. So would a number of county and municipal officers.
 It will be seen, however, that the term "public officer" as used in sec. 26, art. IV, Wis. Const., has not been deemed to include every officer who fulfils the broad definition of the term, and that by consistent exclusion of officers of primarily local responsibility, "public officer" in sec. 26 has been interpreted virtually as if it read "state public officer." Indeed this court has, in three decisions on the subject, used the term "state officer."
Id. at 133-34 (footnotes omitted). In a lengthy opinion, the court concluded that a county judge was not a "public officer" within the meaning of section 26. Notably, the court backed away from its earlier emphasis on the source of salary as defining whether an official held the status of a "public officer" subject to the restrictions of section 26:
 It is true that this court, in State ex rel. Martin v. Kalb, in holding that the county judge was not a (state) public officer subject to sec. 26 of art. IV, Wis. Const., laid stress *Page 153 
upon the fact that the county judge then drew his salary from the county and not the state. Under court reorganization, the payment of the basic salary of the county judge is shared by state and county. We do not view this change in the source of compensation as controlling. The fact that in 1880, and up to court reorganization, the salary of a county judge came from the county treasury demonstrated conclusively that he was primarily a local rather than a state officer. His status remains very much the same, although some of his compensation now originates with the state.
Sachtjen, 25 Wis.2d at 148-49 (footnotes omitted) (emphasis added).
 We conclude that notwithstanding the contribution by the state of a share of the basic salary of county judges, their office has not sufficiently changed in character from a local to a state office to bring county judges within the class of public officer to which sec. 26 of art. IV, Wis. Const., applies. It follows that the legislature is free to raise or lower the salary of county judges during their terms and to authorize the county boards to raise or lower, midterm, the supplemental salary paid by the county.
Id. at 150.
Sachtjen thus demonstrates that receipt of a salary from the state treasury is, by itself, not sufficient to confer the status of "public officer" within the meaning of section 26. The recipient of that salary must also hold a position having the character of a state rather than local office.
In light of Sachtjen, I conclude that district attorneys are not "public officer[s]" within the meaning of section 26. District attorneys have always been regarded as elective county officials.See, e.g., 45 Op. Att'y Gen. 166 (1956) (relating to salary changes of county officers, including the district attorney). Each is elected by the voters of his or her county (or counties, in the case of Shawano and Menominee Counties). Except when *Page 154 
appointed as a special prosecutor in another county, the prosecutorial authority of each district attorney extends only to boundaries of the county in which he or she was elected.
I recognize that 1989 Wisconsin Act 31 also made numerous other changes in statutory provisions affecting the office of district attorney. One of these amendments, for instance, relabels the office as a "state agency." See 1989 Wisconsin Act 31, sec. 109. Other amendments recharacterize the office as an elective state office instead of an elective county office. Id. at secs. 168, 169.
These statutory revisions do not affect my conclusion. Whatever their statutory classification, district attorneys remain county officers as a matter of state constitutional law. Wis. Const. art. VI, § 4 (1). For purposes of interpreting section 26, the constitutional rather than statutory classification controls.
Moreover, for purposes of interpreting section 26 in this situation, the touchstone under Sachtjen remains an assessment of changes in the character of the affected office, with a special focus on changes in the character of the officer's duties. As with the court reorganization that affected the county judges inSachtjen, the transfer of responsibility for the district attorneys' salaries from the counties' treasuries to the state's treasury has not significantly changed the character of the office of district attorney. If anything, a comparison of the effects of the court reorganization that resulted in the litigation in Sachtjen and the effects of prosecutorial reorganization that caused you to request this opinion reinforce my conclusion that the character of the office has not changed sufficiently to bring district attorneys within the scope of section 26.
In 1959, the Legislature enacted chapter 315, Laws of 1959, which took effect on January 1, 1962. This legislation effected substantial changes in Wisconsin's county courts. (Another enactment, chapter 495, Laws of 1961, implemented further revisions.) Before these changes took effect, the county courts had limited jurisdiction, extending principally "to the probate of *Page 155 
wills and granting letters testamentary . . .; to the appointment of guardians to minors . . .; and to hearing objections to the granting of licenses to marry." Sec. 253.03, Stats. (1961).
After January 1, 1962, however, county courts had greatly expanded jurisdiction extending to what can be viewed as matters of statewide rather than local interest. After court reorganization, county courts had not only probate jurisdiction (section 253.10, Stats. (1963)), but broad civil jurisdiction (section 253.11, Stats. (1963)), criminal jurisdiction concurrent with the circuit court except for treason (section 253.12, Stats. (1963)), and exclusive jurisdiction of children and adoptions under chapters 48 and 322 (section 253.13, Stats. (1963)). Before the court reform legislation, circuit courts had exercised the jurisdiction newly conferred on county courts. See sec. 252.03, Stats. (1961).
Despite these changes, the supreme court in Sachtjen
concluded that county judges were not "public officer[s]" within the meaning of section 26. The court reached this conclusion even though the shift to the state of part of the county judges' compensation was accompanied by a significant expansion of duties that included adding jurisdiction of the county courts over matters having strong statewide characteristics (such as criminal prosecutions).
In my view, if the substantial changes in the county judges' duties effected by the court reform legislation did not justify treating county judges as "public officer[s]" under section 26, the minimal changes in the district attorneys' duties effected by 1989 Wisconsin Act 31 cannot justify treating district attorneys as "public officer[s]" under that constitutional provision: except for the removal of child support enforcement responsibilities and some county corporation counsel duties — which were not always assigned to district attorneys anyway, see section 59.07 (44), Stats. (1987-88) (authorizing county boards to employ corporation counsel) — the district attorney's duties remain almost unchanged by 1989 Wisconsin Act 31. Compare sec. 59.47, Stats. (1987-88) *Page 156 with 1989 Wisconsin Act 31, sec. 2900 (creating sec. 978.05, Stats.).
In summary, I conclude that, despite the new source of their salaries, and despite statutory characterization of the office as a state agency, district attorneys are not state "public officer[s]" subject to the restrictions of section 26. Their responsibilities remain essentially the same as those in effect before the enactment of 1989 Wisconsin Act 31, and those responsibilities are not significantly different in character from the duties conferred on county judges in 1962. Under Sachtjen, therefore, the restrictions of section 26 do not apply to district attorneys. The Legislature may therefore increase or diminish the salary of any or all district attorneys during their terms of office.
You have also asked whether district attorneys, who are classified for pay purposes in executive group 6, can obtain the benefit of any increase in the executive group 6 pay range that might take effect between 1991 and 1992. In light of my answer to your first question, my answer to this question is yes.
DJH:CGW *Page 157