STATE EX REL. SCANLAN and others, Appellants, vs. ARCHI-BOLD and others, Respondents.

*May 2—June 1, 1911.*

*Constitutional law: Uniformity of county government: Discretion of· legislature: Classification by population: Election of supervisors by assembly districts:* Quo warranto: *Pleading: Demurrer.*

1. Under sec. 23, art. IV, Const., the legislature is vested with a broad discretion in determining whether the system of town· and county government is as nearly uniform as practicable; and it is only when the unconstitutional purpose of an act affecting such system is clear beyond reasonable doubt that the court· will be justified in declaring it void.
2. Upon demurrer to a complaint in *quo warranto* challenging the constitutionality of a law providing for representation on the county board by assembly districts instead of by towns, in counties having a population of 250,000 or more, the conditions set up in the complaint as existing in other counties are not neces-

sarily to be taken as true, but the law is to be tested as to its constitutionality by its language in the light of such matters as the court will take judicial notice of.

3. In providing for county government classification of counties according to population is proper, even though there be but one county falling within the class at the time of the passage of the law, if others may grow into the class.

4. Ch. 398, Laws of 1907, which provides for the election of one supervisor or member of the county board in each assembly district in counties having 250,000 inhabitants, instead of one for each town and ward, as in other counties, is within the legislative discretion as to classification, such classification being germane to the objects sought to be accomplished; and the constitutional rule of uniformity is not thereby infringed.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action in the nature of *quo warranto* brought by six town chairmen of the county of Milwaukee against sixteen men who claim to constitute the county board of Milwaukee county and who were at the time this action was commenced exercising the functions of members of the county board of Milwaukee county. The defendants were elected pursuant to ch. 398 of the Laws of 1907 by assembly districts, this act prescribing a different representation in the county board in counties of 250,000 inhabitants or more. The contention on the part of the plaintiffs is that the act referred to violates sec. 23 of art. IV of the Wisconsin constitution by unnecessarily destroying the practicable uniformity of the system of county government in the state. The complaint sets forth in substance that the county of Milwaukee now is, and at all the times herein mentioned has been, a duly organized county of the state of Wisconsin, containing more than 250,000 inhabitants; that at all said times there was and now is contained in said county a city of the first class, several cities of the fourth class, several villages, and seven duly organized towns, to wit, towns of Granville, Milwaukee, Wauwatosa, Greenfield, Lake,

State ex rel. Scanlan v. Archibold, 146 Wis. 363.

Franklin, and Oak Creek; that on the first Tuesday of April,. 1910, the annual town meeting was duly held in each of said towns and the plaintiffs were duly elected chairmen of the respective towns, and after said election each chairman so elected duly qualified as town chairman of his town respectively and entered upon the discharge of his duties, and each is *ex officio* and by virtue of the statutes of Wisconsin a lawful and qualified member of the county board of Milwaukee county; that each of said town chairmen is a citizen of the United States, a duly qualified elector, a resident, taxpayer,. and freeholder in the county of Milwaukee in said state; that during the session of the legislature of Wisconsin held in the year 1907 a bill was passed which became known as ch. 398 of the Laws of 1907, under which chapter one supervisor, as provided in said act, in each assembly district of Milwaukee county was elected, and that said persons so elected under ch. 398 of the Laws of 1907 are the defendants herein; that none of the said assembly districts are co-extensive with any of the said towns, and they do not conform either in area or boundaries to the areas or boundaries of said towns; that each of said towns is but a small part of the assembly district in which it is located; that during all the times herein mentioned, including the time when said bill was pending, passed,. approved, and published, there were no facts or conditions existing in said county of Milwaukee differing from those existing in all other counties of the state of Wisconsin which then required or now requires a different representation in the county board of said county from that which is provided generally for all counties of the state; that there are not now, and since the pendency and passage of said act have not been, any facts or conditions in Milwaukee county which would render it impracticable to have a law fixing a substantially uniform method of representation in the county board applicable to every county in the state, including counties of at least 250,000

inhabitants; that it was as practicable in Milwaukee county as in the other counties of said state to have the same method of representation in the county board as during many years last past has been and now is provided by law for all other counties of said state; that during all said times, and now, any change in the manner of electing members of the county board that might be found desirable or needful in counties having at least 250,000 inhabitants, would be equally desirable or needful and equally practicable in all counties of the state; that at all said times it has been and is practicable to have the members of the county board in all counties of the state, including counties having at least 250,000 inhabitants, elected in the same manner from like or similar districts; that at all times herein mentioned it has been practicable in all counties to elect supervisors at large to be members of the county board in the respective counties of the state, the number to be determined substantially in proportion to the population of the respective counties; that at all times it was practicable to have other methods and means of representation in all county boards of this state, including counties of at least 250,000 inhabitants, which method and means could be made substantially and practically uniform through the state in all counties; that by reason of the enactment of said ch. 398, Laws of 1907, and at the time of the passage of said act and ever since, there has not been established by the legislature of Wisconsin a system of county government which is as nearly uniform as practicable; that said ch. 398, Laws of 1907, is unconstitutional and is null and void; that the defendants and each of them are not lawful members of the county board of Milwaukee county; that they have intruded into and unlawfully usurped the functions of supervisors of Milwaukee county and are unlawfully drawing the salaries provided in said ch. 398; that the plaintiffs are and each of them is a legal and lawful member of the county board of Milwaukee county and entitled to exercise the functions and enjoy the emoluments of

State ex rel. Scanlan v. Archibold, 146 Wis. 363.

members of said county board, but the defendants have ex-
cluded the plaintiffs and other lawful members of said county
board from the exercise of said functions, and the plaintiffs
are deprived of the emoluments provided by law for super-
visors of said county.

The complaint further alleges that plaintiffs have de-
manded of the defendants that they forthwith desist and re-
frain from intruding into the offices of supervisors of Milwau-
kee county and from exercising the functions of members of
the county board of Milwaukee county, and that they cease to
exclude the plaintiffs therefrom, but the defendants continue
to exercise said functions and to intrude into the offices of
supervisors and members of the county board of Milwaukee
county and to exclude said plaintiffs from exercising the du-
ties and functions of members of said county board and from
enjoying the rights, privileges, and emoluments to which they
are respectively entitled.

The prayer is that the defendants be adjudged guilty of
usurping, intruding into, and unlawfully exercising and hold-
ing the offices and functions of lawful members of the county
board of Milwaukee county, including the offices and func-
tions which the plaintiffs are lawfully entitled to hold and ex-
ercise, and that the defendants be ousted and excluded from
said offices and from exercising said functions; that the plaint-
iffs and each of them be adjudged entitled to hold said offices
respectively as members of the county board and to exercise
the functions thereof, and that the plaintiffs be awarded their
costs and disbursements.

The respondents demurred to the complaint, and from the
order sustaining the demurrer this appeal was taken.

*Lyman G. Wheeler,* for the appellants, cited *State ex rel.
Peck v. Riordan,* 24 Wis. 484; *State ex rel. Busacker v.
Groth,* 132 Wis. 283; *State ex rel. Keenan v. Milwaukee Co.*
25 Wis. 339; *State ex rel. Att'y Gen. v. Cunningham,* 81 Wis.
440.

For the respondents there was a brief by *Winfred C. Zabel,* district attorney, and *William L. Tibbs,* and oral argument by *Mr. Tibbs.*

KERWIN, J.   The only question involved in this case is whether ch. 398, Laws of 1907, is constitutional.   Sec. 5 of this act adds to the statute a new section which reads as follows:

"Sec. 663*a*. The county board of supervisors in all counties having a population of at least two hundred and fifty thousand, according to the last state or United States census, shall be composed of supervisors chosen from each assembly district within said county.   Each assembly district of said county shall be entitled to one supervisor who shall be elected for a term of two years by the electors of said assembly district. Said election to be held on the first Tuesday in April, following the passage of this act, and every two years thereafter. Said supervisors shall perform all the duties now prescribed by law and each member thereof shall be paid out of the county treasury the sum of eight hundred dollars per annum."

It is claimed that this section contravenes sec. 23, art. IV, of the constitution of the state of Wisconsin, which reads as follows:

"Sec. 23.   The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

This constitutional provision has often been before this court for construction, and a very full collection and discussion of the cases will be found in the late case of *State ex rel. Busacker v. Groth,* 132 Wis. 283, 112 N. W. 431.   The cases in this court have been so elaborately considered in the case referred to that further discussion of them is unnecessary. It seems sufficient to say that the principle justifying the legislation in question is fully sustained by numerous decisions of this court.   It may be conceded, as insisted by appellants' counsel, that the question of uniformity is subject to review

by the courts, but it must also be remembered that under the repeated decisions of this court a broad discretion is vested in the legislature in determining whether the system of government under sec. 23, art. IV, of the constitution is as nearly uniform as practicable. *State ex rel. Peck v. Riordan,* 24 Wis. 484, 490; *Cathcart v. Comstock,* 56 Wis. 590, 14 N. W. 833; *State ex rel. Busacker v. Groth, supra.*

It is also well settled in this state that only when the unconstitutional purpose is clear beyond reasonable doubt will a court be justified in declaring void an act of the legislature. *State ex rel. Busacker v. Groth, supra; Verges v. Milwaukee Co.* 116 Wis. 191, 93 N. W. 44; *State ex rel. Grundt v. Abert,* 32 Wis. 403.

The main contention of counsel for appellants appears to be that the classification is not germane to the objects sought to be accomplished, nor the system as uniform as practicable. It is said that, if representation by assembly districts in the county board is good for Milwaukee county, no reason can be advanced why it would not be equally as good for every county in the state. But this contention involves the question of power of the legislature to make classification.

This court laid down the general rule in *Bingham v. Milwaukee Co.* 127 Wis. 344, 347, 106 N. W. 1071, as follows:

"The general rules governing classification have been frequently stated, and may be said to be briefly as follows: The classification must be based on substantial and real differences in the classes, which are germane to the purpose of the law and reasonably suggest the propriety of substantially different legislation, the legislation must apply to each member of the class, and the classification must not be based on existing circumstances only, but must be so framed as to include in the class additional members as fast as they acquire the characteristics of the class. *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954."

The election of supervisors by assembly districts was in force when *State ex rel. Peck v. Riordan,* 24 Wis. 484, was

decided, and such system does not appear to be questioned by appellants provided the classification of counties be proper. But it is argued that the classification is not proper or germane to the object of the law, because many other counties in the state having a much smaller population have as large a number of supervisors as Milwaukee county with more than 250,000 population, therefore it is claimed that the system is not as nearly uniform as practicable.

Counsel contends that, because facts alleged are admitted by demurrer, the conditions set up in the complaint as existing in different counties should, for the purpose of determining the validity of the law, be taken as true. This position is untenable. The law must be tested as to its constitutionality by its language in the light of such matters as the court will take judicial notice of. *State ex rel. Att'y Gen. v. Cunningham,* 81 Wis. 440, 51 N. W. 724; *Tenement House Dept. v. Moeschen,* 179 N. Y. 325, 72 N. E. 231; *State v. Cantwell,* 179 Mo. 245, 78 S. W. 569.

That classification of counties according to population is proper is no longer an open question, and that, too, even though there be but one county falling within the class at the time of the passage of the law, when others may grow into the class. *Bingham v. Milwaukee Co., supra; Verges v. Milwaukee Co., supra.*

In *State ex rel. Busacker v. Groth,* 132 Wis. 283, at page 295 (112 N. W. 431), this court said:

"When we reflect that in *Verges v. Milwaukee Co., supra,* the question whether the law there under consideration was valid under sec. 23, art. IV, Const., was raised and decided, and when we reflect that the mandate of the constitution prohibiting the incorporation of cities or the amendment of their charters is much more direct and positive in its inhibition than sec. 23, art. IV, Const., the decision in *Bingham v. Milwaukee Co.* is very significant to indicate that the legislature may by general law applicable to a class of counties bring about changes in county government in particulars where it is

State ex rel. Scanlan v. Archibold, 146 Wis. 363.

not practicable to carry on such government in that particular class of counties in the same manner in which it is carried on in other counties outside of that class."

It must be remembered that the change made by the law under consideration affects only the number and manner of election of supervisors in the counties within the class designated in the law. The powers, duties, and functions of the county boards remain the same. The decisions of this court recognize the validity of the law now assailed, and that the conditions in populous counties, where the population is largely urban, justify legislation different than in counties of small population, mostly rural. *Bingham v. Milwaukee Co.* 127 Wis. 344, 106 N. W. 1071; *State v. Douglas,* 26 Wis. 428; *State ex rel. Grundt v. Abert,* 32 Wis. 403; *State ex rel. McCoale v. Kersten,* 118 Wis. 287, 292, 95 N. W. 120. Ch. 292, Laws of 1883, providing that: "All powers relating to villages and conferred upon village boards by the provisions of ch. 40 of the revised statutes, and all acts amendatory thereof, excepting those the exercise of which would conflict with the provisions of law relative to towns and town boards, are hereby conferred upon towns and town boards of towns, containing one or more unincorporated villages, having each a population of not less than one thousand inhabitants, and are made applicable to such unincorporated village or villages, and may be exercised therein when directed by a resolution of the qualified electors of the town," etc., was held by this court not to violate sec. 23, art. IV, Const. *Land, L. & L. Co. v. Brown,* 73 Wis. 294, 40 N. W. 482.

Whether the limit of population in the class should have been placed at 250,000 or less was a legislative question. The classification is germane to the objects sought to be accomplished by the law, and the rule of uniformity under sec. 23, art. IV, Const., is not infringed.

*By the Court.*—The order is affirmed.