VILLAGE OF WHITEFISH BAY and others, Respondents, vs. MILWAUKEE COUNTY and another, Appellants.

*January 12—April 7, 1937.*

For the respondents there was a brief by *George H. Gabel* of Milwaukee, attorney, and *L. C. Gram,* city attorney of West Allis, *H. O. Wolfe,* village attorney of Shorewood, *C. R. Dineen,* attorney for the towns of Granville and Milwaukee, *Allen Busby,* village attorney of West Milwaukee, *Fred L. Luehring,* attorney for the town of Greenfield, and *Roy R. Stauff,* city attorney of Wauwatosa, of counsel, and oral argument by *Mr. Gram, Mr. Dineen, Mr. Busby,* and *Mr. Stauff.*

The following opinion was filed February 9, 1937:

ROSENBERRY, C. J.    The plaintiffs seek to compel the county treasurer to comply with the provisions of sec. 74.19 (3), Stats., as amended by ch. 504, Laws of 1935. The defendants base the refusal of the county treasurer to pay the funds in question upon the proposition that ch. 504,

Laws of 1935, is unconstitutional. Whether the act is valid is the matter for decision on this appeal.

Ch. 504, Laws of 1935, which amended sec. 74.19 (3) and sec. 74.28 of the Wisconsin statutes for 1931, is printed in the margin.[1] The amendments are italicized.

The defendant contends that the amendment is unconstitutional upon three grounds:

(1) It offends sec. 23, art. IV, of the Wisconsin constitution:

"*Uniformity of town and county government.* Section 23. The legislature shall establish but one system of town and

[1] An Act to amend subsection (3) of section 74.19 of the 1931 statutes and section 74.28 of the statutes, relating to collection and distribution of taxes.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Section 1. Subsection (3) of section 74.19 of the 1931 statutes and section 74.28 of the statutes are amended to read: (74.19) (3) All taxes so returned as delinquent shall belong to the county and be collected with the interest and charges thereon, for its use; and all actions and proceedings commenced and pending for the collection of any personal property tax shall be thereafter prosecuted and judgments therein be collected by the county treasurer for the use of the county; but if such delinquent.taxes, exclusive of the penalty provided by section 74.23, exceed the sum then due the county for unpaid county taxes such excess, when collected, with the interest and charges thereon, shall be returned to the town, city or village treasurer for the use of the town, city or village. *In counties having a population in excess of five hundred thousand, if such delinquent taxes returned by.any town, city or village treasurer, exclusive of the penalty provided by section 74.23, exceed the sum then due the county for unpaid county taxes, the county treasurer shall pay monthly to the treasurer of each such town, city or village for its use such proportion of the delinquent taxes of such town, city or village, collected by him, as the amount of such excess bears to the total amount of taxes returned delinquent by such town, city or village treasurer.*

74.28 Each county treasurer shall pay to the several town, city or village treasurers in his county, on demand, all money collected or received by him and belonging to such town; but he may retain in the county treasury all amounts due from any town, city or village to the county *except as otherwise provided in subsection (3) of section 74.19, of the statutes of 1931 as amended by this act for counties containing a population of five hundred thousand or more.*

Approved September 21, 1935.

county government, which shall be as nearly uniform as practicable."

(2) It offends par. 6th, sec. 31, art. IV:

*"Special or private laws.* Section 31. The legislature is prohibited from enacting any special or private laws in the following cases: . . .

"(6th) For assessment or collection of taxes or for extending the time for the collection thereof."

(3) It offends sec. 18, art. IV:

*"Private and local bills.* Section 18. No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

*First.* Inasmuch as the amendment made by ch. 504, Laws of 1935, related only to the distribution or allocation of funds after the funds were in the treasury, it did not affect uniformity of county government. *Rock County v. Edgerton* (1895), 90 Wis. 288, 63 N. W. 291; *State ex rel. Superior v. Donald* (1916), 163 Wis. 626, 158 N. W. 317; *State ex rel. Joint School Dist. v. Becker* (1928), 194 Wis. 464, 215 N. W. 902.

*Second.* The contention that ch. 504, Laws of 1935, is invalid because it offends against sec. 31, art. IV, Const., which prohibits the enactment of any special law for the assessment or collection of taxes or extending the time for the collection thereof, cannot be sustained. The defendants rely upon *Pedro v. Grootemaat* (1921), 174 Wis. 412, 183 N. W. 153. In that case the court had under consideration an act of the legislature which attempted to except Milwaukee county from those provisions of the statute which required in all other counties the posting and publishing of a statement of all lands upon which taxes were unpaid and notice of sale thereof. This clearly related to the collection of taxes and enforcement of payment by tax sale. This was held to be in violation of sec. 23, art. IV, Const. The act

under consideration in this case has nothing to do with the collection of taxes. It merely relates to distribution or allocation of the tax fund after it is in the treasury of the county of Milwaukee, and therefore falls within the rule laid down in *State ex rel. Superior v. Donald, supra,* and *State ex rel. Joint School Dist. v. Becker, supra.*

*Third.* We come now to a consideration of whether or not ch. 504, Laws of 1935, is a local law within the meaning of sec. 18, art. IV, Const. A law may be general within the meaning of sec. 21, art. VII, of the constitution (providing no general law shall be enforced until published), and at the same time be local within the meaning of sec. 18, art. IV (providing that no private or local bill passed by the legislature shall embrace more than one subject and that expressed in the title). *State ex rel. Richter v. Chadbourne* (1916), 162 Wis. 410, 156 N. W. 610. In that case, ch. 518, Laws of 1915, which abolished the county court of Fond du Lac county and created a superior court in Fond du Lac county, being limited in its effect to the boundaries of that county, was held to be a local law. Ch. 504, Laws of 1935, is in form a general law because it applies to counties having a population in excess of five hundred thousand. Into this classification other counties in the state may grow. *Johnson v. Milwaukee* (1894), 88 Wis. 383, 60 N. W. 270; *Milwaukee County v. Isenring* (1901), 109 Wis. 9, 85 N. W. 131.

That counties may be classified according to population has been said to be no longer open to doubt. *State ex rel. Scanlan v. Archibold* (1911), 146 Wis. 363, 131 N. W. 895. However, in order that a classification may be valid, the basis of classification, whether it be population, area, or other basis, must be germane to the purpose of the law. This is fundamental. *Johnson v. Milwaukee, supra,* p. 391; *Maercker v. Milwaukee* (1912), 151 Wis. 324, 139 N. W. 199; *Oliver v. Burlington* (1907), 75 N. J. Law, 227, 67 Atl. 43.

In briefs of counsel for defendant the real reason for the enactment of this statute is set out. The reason the law applicable to other counties is not practicable for Milwaukee county is that the city of Milwaukee has a special charter by which it collects its own taxes. Because of that fact, a situation exists in Milwaukee county which exists, and can exist, in no other county in the state. Counsel do not suggest, and we are unable to discover, any basis for classification resting upon population applicable to Milwaukee county that does not apply equally to every other county in the state so far as the distribution of tax moneys is concerned. This case therefore falls within the rule of *Pedro v. Grootemaat, supra*. While the classification in the act under consideration in *Pedro v. Grootemaat, supra,* was based on cities of the first class, that too has been held to be a proper classification where it is germane to the purpose of the act. As a matter of fact, the thing which makes it highly desirable to have a different system of allocating tax funds in Milwaukee than exists in other counties grows out of the fact that the city of Milwaukee as already stated has a special charter. While other counties may in the future have cities of the first class, such cities will never be governed by the Milwaukee charter but by the general charter law, ch. 62, Stats., no matter what their population may be. Therefore the peculiarities which exist in Milwaukee county due to the special charter of the city of Milwaukee can never exist in any other county, at least not without special legislative enactment. The situation in that county is local; that is, confined to Milwaukee county. The village of M in the county of X may suffer just as acutely and in exactly the same way that the village of N may suffer in the county of Milwaukee. While the fact that Milwaukee county has an urban population and contains towns, villages, and cities of the various classes, including the city of Milwaukee, may make it a proper subject for legislative action, it must be by a local law. Under all the circum-

stances, a classification by population is certainly not germane to the purposes of ch. 504, Laws of 1935. It is held that ch. 504, while general in form, is local within the meaning of sec. 18, art. IV, Const. The subject of the act is not expressed in the title. Therefore there was a failure to comply with the provisions of said sec. 18, and the act in question must be held not to have been enacted in compliance with the provisions of the constitution.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to sustain the demurrer and for further proceedings.

A motion for a rehearing was denied, without costs, on April 7, 1937.